THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILBER FIELDS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 11, 1965, convicting him of manslaughter in the first degree, and assault in the second degree (2 counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and in the interests of justice, and new trial ordered. The findings of fact below are affirmed. Though the evidence arrayed against defendant was conflicting and presented a very close question concerning his guilt, we would affirm the judgment were it not that we are constrained to reverse it because of prosecutorial misconduct. At the beginning of the People's summation, the prosecutor stated that he had courteously remained silent during defendant's summation and hoped that defendant's counsel would maintain a similar silence during the People's summation. Such an obviously improper attempt to silence defendant during the People's summation is calculated to make defendant's attorney appear disruptive, and thus to turn the jury, or even one juror, against defendant, when defendant's counsel thereafter objects to the People's summation. The case at bar is an example of the invidious nature of such an utterance, for the prosecutor, having urged defendant's counsel to remain silent, thereafter made inflammatory statements to which defendant's objections were sustained. Among these statements were two which require a new trial in the interests of justice. The prosecutor, though repeatedly warned by the trial court, told the jurors in effect that their deliberaions should be controlled by the moral law that " Thou shalt not kill." Such an appeal, pursued against the court's direct orders to refrain, might well have persuaded one or more jurors that, if the question of guilt were close, there was nevertheless an imperative, supervening law that demanded satisfaction. In addition, the prosecutor stated to the jury, in substance, that the victim would have testified against defendant but for the victim's death, and thus imported by suggestion evidence not present in the record. Though the court instructed the jury to disregard the prosecutor's objectionable statements, we cannot say with any certitude that the damage was repaired, particularly in view of the close question of defendant's guilt (*People* v. *Carborano*, 301 N. Y. 39; *People* v. *Conigliaro*, 20 A D 2d 930). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.