■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARLON GAY, Appellant.—Judgment, Supreme Court, New York County, rendered June 26, 1975, convicting defendant, upon a jury verdict, of rape in the first degree and attempted sodomy in the first degree, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial directed. The improper introduction of evidence concerning a prior unindicted assault by defendant mandates a new trial. Although the People argue that such evidence was admissible in that, as the complainant knew of the prior assault, it was probative of her state of mind at the time of the crime, the trial disclosed that the victim, though having an opportunity to leave, remained in defendant's hotel room until he returned. Accordingly, the probative value of the prior assault (i.e., to prove the complainant's fear of defendant) was substantially counterbalanced by its prejudicial effect (see People v Fiore, 34 NY2d 81, 84). It is difficult to conceive of the trial court's curative instruction to the jurors to "erase" from their minds the testimony concerning defendant's prior brutal, uncharged assault having such effect. Further, it was error for the People to suggest that defendant's attorney had a personal view of the evidence which he had changed; that he had "contrived" a motive for the complainant in order to disparage her evidence; that for the purpose of misleading the jury he had asked questions knowing that the questions lacked factual bases; and that, in substance, the People believed the complainant's evidence. Also, the trial court erred in directing defendant's attorney to keep silent during the People's summation (see People v Fields, 27 AD2d 736). The totality of all these reasons warrants a new trial. Regarding defendant's technical contention that his conviction for sodomy in the first degree should be reversed and that count dismissed because the court failed to allege the exact nature of the deviate sexual intercourse charged, we note that defendant was apprised of the acts through the complainant's preliminary testimony and that this is the first

time lack of details has been raised. We note that the crime of sodomy can only be performed in three ways as defined by subdivision 2 of section 130.00 of the Penal Law. It appears that defendant in requesting a bill of particulars after the preliminary hearing, did not seek such specification. However, since we are directing a new trial, defendant, if so advised, may move for a bill of particulars seeking details on the sodomy count. This is not a case involving separate counts of sodomy which might require consultation with the prosecutor in order to establish which count refers to what conduct (see *People v Guest*, 53 AD2d 892). Although the Second Department has enunciated the view that a sodomy count which sets forth the elements of the crime, but fails to allege the *exact* nature of the deviate sexual intercourse charged, is jurisdictionally defective *(People v Jackson,* 60 AD2d 893; *People v Smith,* 60 AD2d 896), there is authority to the contrary *(People ex rel. Bornstein v La Vallee,* 51 AD2d 1073). The sodomy count in the instant indictment essentially "tracked" the statute defining the crime (Penal Law, § 130.50), which statute incorporates by reference the statutory definition of "deviate sexual intercourse" set forth in subdivision 2 of section 130.00 of the Penal Law. Assuming this count to be defective for failure to allege the exact nature of the deviate sexual intercourse, such defect is viewed by us as nonjurisdictional (see dissenting opn of Shapiro, J., in *People v Jackson, supra).* The critical factor is whether a defendant is *forced* to speculate as to what crime he was charged with. The obvious purpose of the instant indictment coupled with knowledge gained by defendant through the complainant's preliminary testimony, the availability and utilization of the procedural device of a bill of particulars and the affording to defendant on this remand to obtain further particulars—all warrant on this record the conclusion that dismissal of the sodomy count is not required and is not in the interest of justice. Concur—Murphy, P. J., Lupiano, Birns, Silverman and Lynch, JJ.