## (April 5, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVORY KELLEY, Appellant.—Judgment of the Supreme Court, New York County, rendered January 17, 1977, convicting defendant of assault in the second degree and criminal possession of a weapon in the second degree, unanimously reversed, on the law, and a new trial ordered. Although there was sufficient evidence to warrant submission to the jury of all of the counts in the indictment, there were serious errors at the trial which require reversal of the convictions and a new trial. Among such errors was the admission into evidence of a statement attributed to defendant upon his arrest. That statement had no probative value and should have been excluded. It was neither a confession (a direct acknowledgment of guilt) nor an admission (a declaration from which defendant's guilt could be inferred) (see *People v*

*Leyra,* 1 NY2d 199; Richardson, Evidence [10th ed], § 540). However, having permitted the statement into evidence, it was incumbent upon the trial court to instruct the jury on the law applicable to a defendant's statements, but the court failed to do this. In addition, the District Attorney, in summation, pointed to a dispute in 1974 between defendant and complainant as providing a "motive" for defendant's alleged criminal acts charged here. While it may be argued that the 1974 fight showed motive, it is clear that the evidence was highly prejudicial (see *People v Gay,* 63 AD2d 590). Assuming, *arguendo,* that the evidence was admissible, the prejudicial effect it may have had was patently aggravated by the prosecutor who argued to the jury that defendant was guilty of the present charges since he had not produced any evidence that anyone else was on such bad terms with complainant. Taken in context with the other errors, this error of placing the burden on defendant to produce evidence to support his version of the facts cannot be deemed harmless error. Inasmuch as the jury did not return a verdict with respect to the second count, i.e., criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [1]), that count of the indictment is reinstated (CPL 470.55, subd 1; 300.50, subd 4). Concur—Murphy, P. J., Kupferman, Birns and Lupiano, JJ.