■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WICKER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered August 8, 1980, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The defendant and one Eva Richards were jointly indicted and tried for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. At trial, the People offered testimony to establish that on October 18, 1979 the defendant and Richards, acting together, sold heroin to an undercover police officer who had been introduced to them by a confidential informant. Both the defendant and Richards testified at trial. Each denied having had anything to do with the sale. Each claimed to have seen the other pass something to the officer at the time of the alleged incident. While cross-examining the defendant, Richards' attorney asked the following questions and received the following answer: "Q. Have you ever been convicted of a felony? A. Yes. Q. Did the felony involve drugs?" Defendant's counsel immediately objected, and after an *in camera* discussion, the court agreed to sustain the objection. When trial resumed, the court gave the jury the following curative instructions: "THE COURT: Now ladies and gentlemen, at the outset of the trial when I gave you your preliminary instructions, I told you that questions in and of themselves are not evidence. That you may not infer any fact from the mere asking of a question. We had a series of questions posed to the Defendant. The first question is whether he had ever been convicted of a felony and he said, yes. There is no objection to that. The question was asked. The answer was given and that is evidence. The value of that evidence I will explain to you. It doesn't mean that the Defendant is guilty or not guilty of the charges against him. It merely is a fact which you may take in consideration in determining his credibility, one of many factors; just as you might take in

consideration with respect to any defendant or any witness. Then there was another question where we might have implied that the felony conviction related to heroin. There was an objection to the question and I have now sustained the objection. But it is very important that you do not in your own minds add up two and two and say well, that is four. It may not be four and there is, I am asking you not to draw that assumption. Your assumption might be wrong. Your assumption might be wrong and I am asking you to abide very carefully by the instructions that I gave you that a question in and of itself is not evidence because there could be very damaging questions; but the answers might be entirely different. *At this point, this witness has testified that he had previously dealt in heroin and that is in evidence"* (emphasis supplied). Contrary to the court's remark, there was no evidence that the defendant "had previously dealt in heroin". Moreover, the court's statement was highly prejudicial because it mistakenly suggested to the jury that it had been established that the defendant, on trial for the sale of heroin, had engaged in similar conduct in the past. In view of the seriously damaging nature of the statement, and the conflicting evidence at trial, we cannot disregard the error as harmless. Although no contemporaneous objection was made, we deem it appropriate in the exercise of our interest of justice jurisdiction to order reversal and a new trial. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.