■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW PICOZZI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered April 5, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Upon a review of the record we conclude that the trial court did not act improperly in denying the defendant's request for a second CPL article 730 examination. The standard to be applied in determining whether a defendant is competent to stand trial is whether he " 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him' " (*Dusky v United States,* 362 US 402; *People v Francabandera,* 33 NY2d 429, 436). "If at any time before final judgment in a criminal action it shall appear to the court that there is reasonable ground for believing that a defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, it is the duty of the court to direct

him to be examined in these respects" (*People v Smyth,* 3 NY2d 184, 187). Thus, the question of defendant's competency can be raised by any party or through warning signals that cause the court to question the defendant's competency (*Brown v Warden, Great Meadow Correctional Facility,* 682 F2d 348, cert den 459 US 991). Several factors which the court should consider on the issue of competency are whether the defendant: (1) is oriented as to time and place; (2) is able to perceive, recall and relate; (3) has an understanding of the process of the trial and the roles of Judge, jury, prosecutor and defense attorney; (4) can establish a working relationship with his attorney; (5) has sufficient intelligence and judgment to listen to the advice of counsel and, based on that advice, appreciate (without necessarily adopting) the fact that one course of conduct may be more beneficial to him than another; and (6) is sufficiently stable to enable him to withstand the stresses of the trial without suffering a serious prolonged or permanent breakdown (*People v Valentino,* 78 Misc 2d 678, 679-680).

In the case at bar, when the request was made for a second psychiatric examination of the defendant, the trial court listened to defense counsel's opinion regarding his client's purported incompetency, reviewed the two psychiatric reports filed with the court following the defendant's previous examination and considered its own observations of the defendant's conduct during the combined *Wade-Huntley* hearing. On the basis thereof, the trial court denied the defendant's request, noting that two psychiatrists had previously found the defendant competent to stand trial and that the defendant had not displayed any erratic or unusual behavior which would warrant a second examination. We find no basis in the record to conclude that this decision was improper.

Moreover, the defendant's apparent disagreement with defense counsel's theory of the case as well as the defendant's somewhat abrupt decision to change defense tactics in the middle of the trial did not indicate incompetency on his part, but rather reflected his realization that he was faced with a strong prosecution case. Similarly, the fact that the defendant chose not to follow the advice of his counsel did not, in and of itself, establish incompetency. "Defendant, in fact, may not have assisted in his own defense to the extent that he disagreed with his own attorney's theory of the case. However, this does not mean, nor does the record reveal, that defendant was mentally disoriented or that his trial was unfairly conducted" (*People v Sullivan,* 48 AD2d 398, 400, affd 39 NY2d 903).

We also do not find fault with the trial court's refusal to charge the defense of extreme emotional disturbance with re-

gard to the charge of murder in the second degree (Penal Law, § 125.25, subd 1, par [a]). In order to qualify for said charge, the defendant must satisfy two requirements: (1) that he acted under the influence of extreme emotional disturbance and (2) there was a reasonable explanation or excuse for such extreme emotional disturbance (*People v Casassa,* 49 NY2d 668, 678-679). No reasonable view of the evidence herein would indicate that the defendant satisfied these two requirements.

Finally, we conclude that the imposed sentence of 22 years to life imprisonment on the murder in the second degree conviction was not improper or an abuse of discretion and thus should not be disturbed on appeal (*People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's other arguments and find them to be without merit. Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.