THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BANCROFT, Appellant.

After several delays, caused by defendant's request for a new attorney and his allegations of physical illness, defendant expressed his wish to withdraw his plea of not guilty and to enter a plea of guilty to the top count of the indictment. Upon learning that his bail would not be continued, defendant kicked over a chair, shouted profanities at the Judge, and insisted upon being removed from the courtroom. When he was advised that his trial would commence in his absence, he threatened to kill himself. While the court ordered a suicide watch, defendant's request for an examination pursuant to CPL article 730 was denied. This denial was based on the court's personal observances of defendant over the past few months. The only evidence of incapacity offered by defendant was his attorney's statement that defendant was receiving Social Security benefits because of a mental condition.

After a lengthy recess, defendant indicated his desire to plead guilty and that his suicide threat was "off the top of my head". The suicide watch was lifted, but the court wanted defendant to have the weekend to think and talk with his family before it would accept his plea.

On the following Monday defendant renewed his application to plead guilty. After an uneventful plea allocution, the court accepted defendant's guilty plea.

Under CPL 730.30 (1), the court must order an examination when it is of the opinion that defendant may be an incapacitated person, that is, when there exist reasonable grounds to believe that defendant is incapable of understanding the charges or making his defense (CPL 730.10 [1]; *People v Moye,* 105 AD2d 853). Absent some objective, concrete evidence of a defendant's possible incapacity, the trial court's exercise of discretion should not be overturned (*People v Salladeen,* 50 AD2d 765, *affd* 42 NY2d 914; *People v Colville,* 74 AD2d 928; *cf. People v Cartagena,* 92 AD2d 901; *People v Jackson,* 88 AD2d 604). In the instant case, the record, taken as a whole, does not demonstrate that the trial court improvidently exercised its discretion in denying his application for an examination pursuant to CPL article 730. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.