■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE AYALA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered July 14, 1983, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's contention that he was denied a Sandoval hearing is not supported by the record. We further find the court did not abuse its discretion when it permitted the People to inquire about the underlying circumstances of the defendant's prior convictions.

Equally unpersuasive is the defendant's argument that he was deprived of a fair trial as a result of prosecutorial and judicial misconduct. The prosecutor's submission to the jury that the asserted defense was not credible was a fair comment on the evidence *(see, People v Baldo,* 107 AD2d 751). The defendant has failed to preserve for appellate review the issue of the propriety of the prosecutor's suggestion that the defendant fabricated the defense, as he failed to ask for any curative instructions after the court sustained his objection *(see, People v Medina,* 53 NY2d 951). With respect to the allegations of misconduct by the trial court, we find nothing in the record to support the defendant's claim that the limited interjections by the court prejudiced the defense. A trial court may intervene in the proceedings in order to clarify the issues so long as it does so sparingly, and without partiality, bias or hostility *(see, People v McMahon,* 47 NY2d 882; *People v Ellis,* 62 AD2d 469).

The defendant's remaining contentions are also without merit. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.