■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN SCOTT, Also Known as GLEN SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 15, 1983, convicting him of robbery in the second degree, burglary in the second degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Prior to the trial of this action, an examination of the defendant by two psychiatrists was conducted pursuant to CPL 730.30. Both of the examining psychiatrists concluded that the defendant was "malingering a mental illness". The defendant caused numerous disruptions during the cross-examination of one of the prosecution witnesses. After the court's admonitions to the defendant failed to halt his outbursts, the court had the jury removed from the courtroom. Out of the presence of the jury, the defendant produced a fragment of a razor with which he cut his left wrist and forearm. The superficial wound was treated and the following day the defendant was returned to court. Defense counsel moved for a mistrial which the court denied. After the denial of his application for a mistrial and prior to the continuation of the trial, the defendant began to hyperventilate and shake. Thereafter, the defendant was removed from the courtroom. A court officer who had removed the defendant returned to the courtroom and indicated that the defendant had behaved cooperatively and had conducted himself normally both prior to and subsequent to the latest courtroom incident. The court then ordered another psychiatric examination of the defendant. The defendant would not cooperate in the examination, but based upon the psychiatrist's review of the statements

made by the defendant at the trial on the previous day the psychiatrist concluded the defendant was malingering. The court determined that the defendant was competent and ordered a continuation of the trial. Prior to the conclusion of the trial, the court also received two written reports from the Department of Correctional Services and a report by telephone from the Deputy Warden for security at Rikers Island where the defendant was being detained. These reports related that the conduct of the defendant exhibited in the detention institution was in sharp contrast to that exhibited by the defendant during the trial.

On appeal, the defendant contends that on the basis of his "mental collapse" during the trial, a mistrial should have been declared. We disagree. The record does not demonstrate that the trial court improvidently exercised its discretion in refusing to declare a mistrial (see, People v Salladeen, 50 AD2d 765, affd 42 NY2d 914; People v Bancroft, 110 AD2d 773). There was no proof, other than the defendant's courtroom conduct, to support a finding of incapacity. Rather, the defendant's behavior appeared to be carefully calculated to impede the progress of his trial. The trial courts are not required to tolerate conduct on the part of a defendant which tends to paralyze the proceedings and turn them into a farce (see, People v Sanchez, 65 NY2d 436, 443). Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.