◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANGEL RIOS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered May 2, 1985, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sexual abuse in the first degree and assault in the second degree.

Defendant's main arguments for reversal arise out of his own conduct at the trial and his refusal to appear in County Court for summations and the charge to the jury. At the close of the People's case, which overwhelmingly established his guilt, defendant, contrary to the advice of counsel, made several applications to the court to the effect that his trial was unfair, his oral statements made to police officers were inadmissible, and that his case should be tried before the United States Supreme Court. Defendant also stated that he would go on a hunger strike until he received a fair trial. County Court denied each application, whereupon defendant stated that he would testify only in the Supreme Court. The following day defendant refused to return to court for the remainder of the trial and held a piece of metal to his throat to prevent his forcible removal from his jail cell. Counsel requested that County Court order a psychological examination pursuant to CPL 730.30 (1) to determine defendant's competence to stand trial. The request was denied and the remainder of the trial was conducted in defendant's absence.

On appeal, defendant contends that his due process rights were violated by the denial of his request for a psychological examination and that defendant's waiver of his constitutional right to be present at trial was not voluntary and knowing due to his alleged incompetence.

A psychological examination of a defendant standing trial must be ordered when the court is "of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]), i.e., lacking the capacity to understand the proceedings against him or to assist in his own defense (CPL 730.10 [1]). Factors relevant to such a determination include whether defendant has a history of irrational behavior, defendant's demeanor at trial, and any prior medical opinions as to defendant's competence to stand trial (see, Drope v Missouri, 420 US 162, 181; Pate v Robinson, 383 US 375, 385-386; People v Arnold, 113 AD2d 101, 103; see also, People v Picozzi, 106 AD2d 413, 414). Here, defendant had no prior history of irrational behavior and there were no medical opinions extant establishing his incompetence to stand trial. Defendant argues, however, that his demeanor at trial was sufficient to establish that he was incapacitated and necessitated that

County Court order a psychological examination. We disagree. Initially, we note that defendant's improvident disagreements with counsel as to the application made by defendant at the close of the People's case did not, of themselves, establish incompetence *(see, People v Picozzi, supra).* Likewise insufficient was defendant's ensuing conduct in holding a sharp piece of metal against his throat and refusing to attend the proceedings *(see, People v Scott,* 120 AD2d 624, 625; *People v Bancroft,* 110 AD2d 773, 774; *People v Harris,* 109 AD2d 351, 359; *People v Colville,* 74 AD2d 928).

Significantly here, County Court had observed defendant as composed and able fully to cooperate with counsel during the suppression hearings and earlier stages of the trial. Defendant had also actively and rationally participated in plea negotiations without causing his attorney to have any doubts about his competency. He also appeared composed at sentencing, at which no issue was raised concerning his mental incapacity. It is thus readily inferrable that defendant's bizarre behavior was more indicative of an attempt to impede the progress of the trial, or abort it if the request for a competency examination had been granted, after the presentation of a strong case by the People, rather than genuine mental instability *(see, People v Scott, supra,* p 625). Given the absence of any "objective, concrete evidence of a defendant's possible incapacity" *(People v Bancroft, supra,* p 774), County Court's determination that a psychological examination was not necessary should not be disturbed.

Defendant's claim that his waiver of his right to attend his trial was not voluntary and knowing is similarly without merit. Since the record was devoid of any proof that defendant was incapacitated, he was competent to waive his right to be present at trial *(see, People v Epps,* 37 NY2d 343, 348-349, *cert denied* 423 US 999). Defendant engaged in a lengthy colloquy with the court and counsel at the close of the People's case during which he was advised of the full ramifications of his failure to attend the trial and the advisability of his being present. Accordingly, his subsequent decision to remain in his prison cell was voluntarily and knowingly made *(see, id.,* p 350; *see also, People v Sanchez,* 65 NY2d 436).

We are similarly unpersuaded by defendant's remaining contention that he was denied a fair trial as a result of County Court's admonition to his attorney to refrain from making frivolous objections during the prosecutor's summation. An examination of the record establishes that counsel was given full opportunity to make any objections desired, and

that the prosecutor's summation did not contain any improper remarks to which a timely, sustainable objection was not made. Accordingly, any error which may have occurred was harmless *(cf. People v Gay,* 63 AD2d 590; *People v Fields,* 27 AD2d 736).*

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.