■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered July 10, 1985, convicting him of criminal possession of a weapon in the third degree, attempted assault in the second degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not err in concluding, after a hearing, that the defendant was competent to stand trial (see, CPL 730.10 [1]). At the hearing, the People were required to establish the defendant's competency by a preponderance of the credible evidence (see, People v Breeden, 115 AD2d 484), a burden which we conclude, after review of the record, that the People have discharged. At bar, two of the examining psychiatrists testified that the defendant was capable of understanding the nature of the proceedings against him, could assist in his defense and was capable of establishing a working relationship with his attorney. Although the psychiatrists were not unanimous in their diagnoses, there was ample testimony in the record supporting the court's determination that the defendant was competent to stand trial. In any event, as this court has recently observed, "[w]here the hearing court is presented with conflicting evidence of competency, great deference [is] accorded its findings" (People v Gordon, 125 AD2d 587, 588; People v Breeden, supra). The hearing court gave appropriate consideration to the relevant legal factors and the fact that the defendant may have disagreed with his attorney's theory of the case does not establish that he lacked the capacity to stand trial (cf., People v Picozzi, 106 AD2d 413, 414, lv denied 64 NY2d 1137; see also, People v Rios, 126 AD2d 860).

Finally, we reject the defendant's contentions that certain comments made by the prosecutor during summation deprived him of a fair trial. The record reveals that, with respect to these comments, defense counsel's objections were sustained and resulted in the court promptly administering curative instructions to the jury which, we find, dissipated any possible prejudice which may have resulted (see, People v Switzer, 115 AD2d 673, lv denied 67 NY2d 890). Moreover, since counsel failed to request a mistrial or otherwise express dissatisfaction with the court's curative instructions, the issue is not preserved for appellate review (see, People v Medina, 53 NY2d 951; People v Palemon, 131 AD2d 513, lv denied 70 NY2d 715;

*People v Ayala,* 120 AD2d 600, 601, *lv denied* 68 NY2d 755). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.