THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MAGGIO, Also Known as ANTHONY RUSSO, Appellant

The defendant contends that he was denied his right to a fair trial because he was tried in absentia. A review of the record indicates that on the day of the trial, the defendant advised his attorney that he did not wish to be present in the courtroom. The court ordered that the defendant be brought to the courtroom and informed him of his constitutional right to be present at his trial. The court further indicated to the defendant the consequences of his absence, i.e., that "all further proceedings in the trial may take place in [his] absence". The defendant continued in his refusal to participate in the proceedings, refused to confer with his attorney and refused to respond to the court's questions as to his understanding of the ramifications of such refusals. Prior to his leaving the courtroom, the defendant was advised that, if at any time he changed his mind and wished to confer with counsel or to begin participating in the trial, there would be an immediate break in the proceedings to accommodate him.

Under the circumstances, we find that the defendant voluntarily, knowingly and intelligently waived his right to be present at his trial. The defendant had been found to be fit to proceed to trial and there is nothing in the record to indicate that he was not competent to waive that right. The defendant clearly indicated his desire to be absent during his trial and consistently maintained his position of refusing to participate in any manner in the proceedings. In addition, the court was painstaking in its efforts to protect the defendant's interests by fully informing him of the nature of his right to be present at trial and of the consequences of his continued course of conduct *(see, People v Epps, 37 NY2d 343, 349, cert denied 423 US 999; cf., People v Parker, 57 NY2d 136, 141)*.

Finally, we find that the defendant received effective assis-

tance of counsel at his trial and sentencing *(see, People v Baldi,* 54 NY2d 137). Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.