██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO LEWIS, Appellant.

The defendant was fighting with his wife when the victim, his sister-in-law, tried to come to her aid. During the ensuing struggle, the victim was shot twice and killed.

The defendant argues that he was deprived of a fair trial by the prosecutor's conduct during his cross-examination of the defendant and his wife, and during his summation. While the prosecutor's overly sympathetic portrayal of the victim and his emotional appeal would have been better left unsaid, his actions were partially excused by the fact that they were made in response to the defense attorney's statement that the family was suffering not only from the loss of a sister and aunt, but from the loss of a husband and father (see, People v Arce, 42 NY2d 179, 190-191; People v Marks, 6 NY2d 67, 77, cert denied 362 US 912; People v Colonna, 135 AD2d 724). In any event, any harm was purged by the trial court's sua sponte curative instruction which was issued immediately after the closing arguments (see, People v Berg, 59 NY2d 294, 299-300; People v Jones, 120 AD2d 747, 748).

The defendant also claims that the prosecutor's questions about his relationship with Mary Nunez may have prejudiced him, even though objections to these questions were sustained. However, the defense counsel did not request curative instructions or move for a mistrial, so the issue was not preserved for appellate review (see, People v Medina, 53 NY2d 951, 953). In any event, as long as the prosecutor has a good-faith basis for his questions, a witness can be impeached by his prior bad acts, including adultery (see, People v Canty, 31 AD2d 976, 977, appeal dismissed 25 NY2d 785).

Further error is claimed in the prosecutor's reference to a phrase "in the Book of John", "there is no greater love a man can have than to give his life for a friend". The defendant, a Rastafarian, claims that the prosecutor was deriding his beliefs. Generally, references to the Bible are to be avoided, because they may suggest to the jury that there is some

higher law to be satisfied if they are undecided about temporal law *(see, People v Fields,* 27 AD2d 736); however, the prosecutor's comment was clearly meant to emphasize the intensity of the victim's devotion to her sister. It does not appear from the record that the prosecutor meant to ridicule the defendant's religious beliefs.

The remaining comments about which the defendant complains were supported by the evidence and did not exceed "the broad bounds of rhetorical comment permissible in closing argument" *(People v Galloway,* 54 NY2d 396, 399; *see also, People v Roopchand,* 107 AD2d 35, 36-37, *affd* 65 NY2d 837). Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.