■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 14, 1986, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the Supreme Court properly concluded, after a hearing, that the defendant was competent to stand trial *(see,* CPL art 730). The defendant's specific contention that he "must be competent, independent of medication", before he can be found fit to stand trial, is without merit *(see, People v Parsons,* 82 Misc 2d 1090, 1092; *see also, People v Gensler,* 132 AD2d 941, *affd* 72 NY2d 239). The People's two psychiatrists testified that despite the circumstances that the defendant was diagnosed as suffering from chronic paranoid schizophrenia, and was receiving Thorazine, an antipsychotic drug, on a daily basis, the defendant was "capable of understanding the nature of the proceedings against him, could assist in his defense and was capable of establishing a working relationship with his attorney" *(People v Allen,* 135 AD2d 823). Even the defendant's psychiatrist, who had not specifically examined him as to his competency to stand trial, testified that Thorazine had the apparent effect of suppressing the defendant's psychosis and permitting the defendant "to discuss on some level in a rational way the charges against him, his legal

situation, et cetera". Further, there was no evidence that the defendant suffered any of the side effects associated with Thorazine. While the defendant further challenges the reliability of the opinions of the People's psychiatrists, we note that great deference should be accorded the conclusion reached on this issue by the Supreme Court, which "gave appropriate consideration to the relevant legal factors" necessary to determine the defendant's competency to stand trial *(People v Allen, supra,* at 823; *see also, People v Picozzi,* 106 AD2d 413, 414, *lv denied* 64 NY2d 1137; *People v Parsons, supra).*

In addition, we find that the defendant's contentions regarding his adjudication as a second violent felony offender are either without merit or not preserved for appellate review and we decline to reach those contentions in the exercise of our interest of justice jurisdiction. Mangano, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.