■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CRUZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered June 20, 1985, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury verdict acquitting him of charges in connection with the alleged sale of cocaine to an undercover officer on February 17, 1984, and convicting him of similar charges arising out of the sale of cocaine on March 2, 1984, was repugnant, is without merit. Given the fact that the charges related to two separate transactions, an acquittal as to the charges arising out of the earlier transaction did not necessarily negate a conviction on the charges relating to the subsequent unrelated transaction (see, e.g., People v Tucker, 55 NY2d 1; People v Baeza, 125 AD2d 318).

Additionally, we reject the defendant's claim that he was deprived of a fair trial as a result of the prosecutor's reference during the cross-examination of one of the defendant's character witnesses to the fact that the defendant was in possession of marihuana at the time he was arrested on the instant charges. In the first instance, the record reflects that the defendant's objection to this line of questioning was sustained and the jury was instructed to disregard that testimony. Since the defendant did not thereafter move for a mistrial or express any dissatisfaction with the court's curative instruc-

tions, his claim of error has not been preserved for appellate review *(see, People v Medina,* 53 NY2d 951; *People v Allen,* 135 AD2d 823). In any event, it is well established that when a defendant places his character in issue by presenting a character witness, the People may cross-examine that witness by inquiring as to whether he has heard particular reports or rumors derogatory of the defendant's reputation testified to by the witness *(see, People v Wharton,* 138 AD2d 429; *People v Tempera,* 94 AD2d 748; Richardson, Evidence § 152 [Prince 10th ed]). Thus, the prosecutor's questioning was not improper. Moreover, although the prosecutor stipulated prior to trial that no mention would be made of the small quantity of marihuana found in the defendant's possession at the time of his arrest, the stipulation expressly provided that this evidence could be introduced if the "door had been opened for the People to go into those facts". By presenting character witnesses on his behalf, the defendant opened the door to this evidence.

The defendant's remaining contention, that he was deprived of a fair trial by reason of the prosecutor's summation, is not preserved for appellate review *(see, People v Medina, supra; People v Allen, supra).* In any event, we conclude that the prosecutor's remarks constituted fair comment on the evidence. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.