■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL FENEQUE, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered on March 6, 1987, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of from eight years to life, unanimously affirmed.

In this prosecution for second degree murder arising as a result of the strangulation of defendant's live-in companion, defendant was denied neither his State nor Federal due process right to a fair trial by the trial court's rejection, without a hearing, of his belated claim that he lacked capacity to stand trial. The court properly evaluated the defendant's ability to consult with counsel and his understanding of the proceedings, as well as all other evidence and took into account its own observations of the defendant, and properly concluded that there was not a "sufficient doubt" concerning

the defendant's competency to warrant a hearing. *(Pate v Robinson,* 383 US 375, 385; *People v Gensler,* 72 NY2d 239, 246.)

Moreover, as to the defendant's only preserved challenge to the court's charge, namely, that the court improperly encouraged jury speculation concerning matters not in evidence in alluding to strangulation by "an instrument" in defining the elements of murder, a reading of the charge reveals that the court clearly conveyed to the jurors that the essential element to be determined was whether the defendant had strangled the decedent, regardless of the manner in which that was accomplished. *(People v Wicker,* 93 AD2d 872.)

Finally, the remaining contentions of the defendant were not preserved as a matter of law and we therefore decline to reach them. Were we to consider them, however, in the interests of justice, we would nonetheless affirm, finding them to be without merit. Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ.