■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ADAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Marlow, J.), rendered October 19, 1987, convicting him of rape in the first degree, criminal use of a firearm in the first degree, sexual abuse in the first degree, robbery in the third degree, endangering the welfare of a child, assault in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While the Trial Judge and the attorneys were engaged in an in-Chambers conference, two jurors asked a police witness his age, how long he had been a police officer, and how old one had to be to become a police officer. The officer responded to the questions posed, and the jurors then discussed something between themselves. The questions were overheard by five other jurors. Upon learning of the incident, defense counsel immediately moved for a mistrial. The Trial Judge promptly questioned the witness and jurors involved and asked the jurors if what had happened would influence their deliberations. All jurors responded that it would not. Both counsel then indicated that they were satisfied with the results of the court's inquiry. The court denied the defendant's motion for a mistrial finding that no prejudice had occurred to the defendant.

On this appeal, the defendant argues that this incident constituted improper premature deliberations and that he was denied a fair trial. While the unauthorized questions by the jurors were improper (see, People v Wilds, 141 AD2d 395), the incident was harmless error (see, People v Crimmins, 36 NY2d 230). The questions asked did not bear on any facts relevant to the defendant's guilt or innocence and the record was devoid of any evidence that the jurors engaged in premature deliberations (see, People v Townsend, 67 NY2d 815, 817).

Additionally, while the prosecutor's sympathetic comments about the victim would have been better left unsaid, her actions were partially excused by the fact that they were

made in response to statements made by the defense counsel *(see, People v Arce,* 42 NY2d 179; *People v Lewis,* 140 AD2d 714). In any event, any harm was obviated by the trial court's curative instruction.

We have reviewed the defendant's sentence and do not find it to be excessive *(see, People v Suitte,* 90 AD2d 80).

Finally, we have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.