■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SAVONA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 29, 1988, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in failing to order a second CPL 730.30 examination, *sua sponte,* during the trial, even though a pretrial CPL 730.30 examination led two psychiatrists to conclude that he was competent to stand trial. We disagree.

The test of competency is whether the defendant " 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him' " *(People v Picozzi,* 106 AD2d 413, citing *Dusky v United States,* 362 US 402; *see also, People v Arnold,* 113 AD2d 101, 102). If at any time before final judgment, the court has reasonable grounds to question the defendant's competency, it must order an examination, even if none is requested *(see,* CPL 730.30; *People v Gensler,* 72 NY2d 239, 246, *cert denied* 488 US 932; *People v Armlin,* 37 NY2d 167, 171).

Here, pursuant to a court order, two psychiatrists examined the defendant prior to trial and determined that he did not lack the capacity to understand the proceedings. Nothing occurred during the trial that suggested any changed circumstances indicating the defendant was no longer competent *(see, People v Rogers,* 163 AD2d 337). In fact, while the defendant expressed certain bizarre beliefs during trial, he exhibited an

understanding of the proceedings throughout. Accordingly, the court properly exercised its discretion in not directing, on its own motion, an additional CPL 730.30 examination *(see, People v Williams,* 144 AD2d 402; *People v Allen,* 135 AD2d 823; *People v Kestin,* 134 AD2d 453; *People v Rios,* 126 AD2d 860).

Moreover, after the trial and prior to sentencing, the defendant was again examined by a psychiatrist pursuant to CPL 390.30 (2). The psychiatrist found that, despite certain emotional problems, the defendant was competent to understand the criminal proceedings against him and was competent to be sentenced. Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.