■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORATIO Cox, Appellant. [601 NYS2d 175] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered March 4, 1988, convicting him of murder

in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the court properly determined that the defendant was competent at the time of his plea and at sentencing, which occurred directly after a CPL 730.30 hearing *(see,* CPL 730.10 [1]). Although two experts opined that the defendant was incompetent, the court credited the testimony of the People's expert, who concluded that the defendant was "malingering" and had a much greater understanding of the proceedings than he pretended to have. "Where the hearing court is presented with conflicting evidence of competency, great deference will be accorded its findings" *(People v Orama,* 150 AD2d 505, 506). Indeed, a review of the plea allocution indicates that the defendant appeared capable of understanding the proceedings. Thus, we find that the People sustained their burden of demonstrating the defendant's competency by a preponderance of the credible evidence *(see, People v Carter,* 192 AD2d 669; *People v Allen,* 135 AD2d 823).

In addition, there is no merit to the defendant's contention that he was denied a fair hearing due to various evidentiary errors. For example, the defendant claims that the court should not have admitted into evidence his initial plea, which was vacated when the defendant's original attorney was relieved. However, "[i]n deciding whether a defendant is competent to proceed, the court is to take into consideration available medical proof coupled with all other evidence and its own observations of defendant" *(People v Chisolm,* 162 AD2d 267; *see also, People v Feneque,* 156 AD2d 178; *People v Williams,* 144 AD2d 402). Nor is reversal required because the prosecutor questioned the defendant's experts with hypotheticals about information contained in various materials provided by the prosecution, such as the defendant's *pro se* CPL 730.30 motion. Contrary to the defendant's claim, many of those questions concerned materials which were eventually admitted into evidence. In any event, the hearing court is accorded great deference in assessing the reliability of expert witnesses *(see, People v Williams, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.