■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CHANDLER, Appellant. [637 NYS2d 830] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of second degree murder and fourth degree criminal possession of a weapon, defendant contends that he was mentally incompetent to stand trial; that he did not validly waive his right to be present during trial; that County Court erred in refusing to charge the defense of intoxication and the lesser included offense of second degree manslaughter; and that the sentence is harsh and excessive.

During the course of the criminal proceedings, the court twice invoked the procedures of CPL article 730. Defendant was examined shortly before trial and found to be competent. Under those circumstances, the court did not err in refusing to order further examination into defendant's mental competency to stand trial (see, People v Gensler, 72 NY2d 239, 244-245, cert denied 488 US 932). The record establishes that, although defendant may have had unrealistic expectations concerning the outcome of his case, he nevertheless had a rational and factual understanding of the proceedings against him (see, People v Arnold, 113 AD2d 101, 102). In addition, although defendant was dissatisfied with counsel and deliberately refused to cooperate with all three attorneys assigned to defend him, he did not have a genuine inability to consult with and assist counsel in his own defense with a degree of rational understanding (see,

*People v Arnold, supra,* at 102). On the basis of the psychiatric reports and testimony, as well as her own observations of defendant's behavior and demeanor, the Trial Judge had a sound basis for concluding that defendant was feigning mental illness in an attempt to impede or abort the trial *(see, People v Gensler, supra,* at 245; *People v Cox,* 196 AD2d 596, 597, *lv denied* 82 NY2d 805).

Because defendant was fit to proceed, his waiver of the right to be present at trial was knowing and voluntary *(see, People v Maggio,* 140 AD2d 374; *People v Rios,* 126 AD2d 860, 862). Defendant chose to absent himself from trial following a lengthy colloquy in which defendant was advised of the ramifications of his failure to attend and the advisability of his being present *(see, People v Parker,* 57 NY2d 136, 141).

On this record, defendant was not entitled to an intoxication charge *(see, People v Gaines,* 83 NY2d 925), nor was he entitled to submission of reckless manslaughter as a lesser included offense of intentional murder *(see generally, People v Glover,* 57 NY2d 61, 63). Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, La-Mendola, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.