■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTILIO SERRANO, Appellant. [663 NYS2d 56] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered December 4, 1991, convicting him of criminal possession of a weapon in the third degree and reckless endangerment in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, and giving the People the benefit of every reasonable inference (*see, People v Giuliano,* 65 NY2d 766, 768), we find that the evidence was legally sufficient to establish the defendant's guilt of the crimes of which he was convicted beyond a reasonable doubt. Nor was the verdict against the weight of the credible evidence. The 15-year-old victim testified that the defendant had accosted her at her school bus stop on the morning of March 19, 1987, forced her into a nearby vehicle being driven by an accomplice, and sped off. A State Trooper, who noticed the car proceeding erratically and at

excessively high speeds, testified that he observed the defendant in the back seat repeatedly place a gun to his victim's head while motioning to the pursuing State Trooper to keep back. After the incident, the police tested the gun which they recovered from the back seat of the defendant's vehicle, and found it to be fully operable.

There is no merit to the defendant's contention that he was prejudiced by the prosecution's failure to timely turn over to him certain transcripts of various telephone conversations, obtained pursuant to an eavesdropping warrant, which suggested that the victim was a participant in her mother's drug-selling business. The material in question was not *Brady* material, as it was neither favorable to the defendant nor material to his defense (*see, e.g., People v Vilardi,* 76 NY2d 67, 73). In any event, we note that the defendant received the transcripts before he was to cross-examine the victim, so that he had ample opportunity to use the evidence effectively (*compare, e.g., People v White,* 178 AD2d 674, 675).

The defendant's remaining contentions are without merit (*see, People v Chandler,* 224 AD2d 992; *People v Cox,* 196 AD2d 596). Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.