■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOM GALANDREO, Appellant. [741 NYS2d 439] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered February 22, 2000, convicting him of attempted robbery in the first degree (two counts), criminal possession of a weapon in the fourth degree, and violation of Administrative Code of City of New York § 10-304, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in failing to, sua sponte, order a second CPL 730.30 examination during the trial, even though two psychiatric examiners concluded prior to trial that he was fit to proceed. We disagree.

The test of a defendant's mental competency is whether he or she has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and whether he or she has a rational as well as factual understanding of the proceedings against him or her (see People v Francabandera, 33 NY2d 429, 436; Dusky v United States, 362 US 402; People v Picozzi, 106 AD2d 413). If the court has reasonable grounds to question the defendant's competency during the trial, it must order an examination, even if none is requested (see CPL 730.30 [1]; Pate v Robinson, 383 US 375; People v Smyth, 3 NY2d 184; People v Bancroft, 110 AD2d 773, 774).

Pursuant to a court order, two psychiatrists examined the defendant prior to trial and determined that he was competent to stand trial. Nothing occurred during the trial to suggest that his condition had deteriorated and he was no longer competent (see People v Mokrzycki, 216 AD2d 493; People v Rogers, 163 AD2d 337). Although the defendant made some peculiar statements during trial, he exhibited an understanding of the proceedings throughout and actively participated in his defense. Accordingly, the court properly exercised its discretion in not directing an additional CPL 730.30 examination of the defendant on its own motion (see People v Savona, 176 AD2d 362; People v Kestin, 134 AD2d 453). Altman, J.P., McGinity, Townes and Crane, JJ., concur.