■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERMIN PENA, Appellant. [822 NYS2d 497]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered February 28, 2003, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 18 years to life, unanimously affirmed.

The record establishes that defendant was mentally competent at the time of his plea and sentencing (see Pate v Robinson, 383 US 375 [1966]). The court's determination that defendant was fit to proceed is entitled to great weight on appeal, given the conflicting medical testimony at the competency hearing (see People v McMillan, 212 AD2d 445 [1995], lv denied 85 NY2d 976 [1995]; People v Cox, 196 AD2d 596 [1993], lv denied 82 NY2d 805 [1993]). The record supports the court's decision to credit the People's psychiatrists, who found defendant competent. The People's doctors had far more data from which to evaluate defendant than did the two doctors who found defendant unfit, and the record contains numerous examples of defendant's behavior supporting the conclusion that his symptoms were feigned and manipulative. That determination

is further supported by defendant's seemingly miraculous recovery at the suppression hearing, plea proceedings and sentencing, after the court had found him competent. We have considered and rejected defendant's procedural arguments concerning the competency determination.

At his plea allocution, defendant expressly stated that he understood that he was waiving his right to appeal, including his right to appeal the court's decision on his suppression motion. This waiver forecloses review of defendant's suppression claim, and "includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction" (*People v Lopez*, 6 NY3d 248, 255 [2006]). Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.