(June 25, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE BROWN, JR., Appellant.— Appeal by the defendant from a judgment of conviction of the County Court, Albany County, entered on a jury verdict convicting defendant of the crime of assault in the second degree. The sole issue raised on this appeal is whether the trial court erred in not granting a mistrial and/or failing to set aside the judgment of conviction based upon a telephone conversation being had by one of the jurors in contravention of section 421 of the Code of Criminal Procedure. When this matter first came before this court in 1971, a determination was withheld and the case remitted to the trial court for the purpose of holding a hearing and rendering a decision based upon the testimony at such hearing (*People* v. *Brown*, 38 A D 2d 651, 652). A full hearing has now been held by the trial court and, based upon the testimony, it has found that the telephone conversation was not prejudicial to the defendant and that such conversation was not of such a nature as to have affected the proper function of the jury. The record of the testimony at the full hearing amply supports that determination. The contention of the defendant that the interview of the juror and prospective witnesses by the District Attorney's office prior to the taking of their testimony was somehow prejudicial to the defendant is not supported by the record. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.