■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered July 29, 1986, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered February 9, 1983, convicting him of robbery in the first degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant argues that his cross-examination into prosecution witness Edward Thomas' credibility was impermissibly limited when he was prevented from delving into the facts underlying Thomas' shooting of one Roosevelt Starling, for which Thomas had pleaded guilty to criminal possession of a weapon. This contention has not been preserved for our review *(see,* CPL 470.05). In any event, the contention is without merit since the circumstances of the crime had been explored extensively *(see, People v Allen,* 50 NY2d 898).

The defendant also asserts reversible error in the trial court's refusal to allow him to question Thomas regarding Thomas' alleged hostility toward the defendant's father. However, in light of the sustained attack on Thomas' credibility, it cannot be said that there was a "reasonable possibility" that the exclusion of this evidence affected the outcome of the trial

*(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Crimmins,* 36 NY2d 230, 237). Finally, the record discloses that the defendant's guilt was proven beyond a reasonable doubt.

We have considered the defendant's other contentions and find them to be without merit. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.