■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN WHARTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered January 21, 1987, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court (Owens, J.), dated December 10, 1986, which, after a hearing, denied the defendant's motion to set aside the verdict pursuant to CPL 330.40.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the entirely circumstantial evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, as the facts from which the inference of his guilt is drawn, when perceived as a whole, are inconsistent with his innocence and exclude to a moral certainty every other reasonable hypothesis *(see, People v Lewis,* 64 NY2d 1111; *People v Way,* 59 NY2d 361; *People v Barnes,* 50 NY2d 375). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Additionally, we find that it was entirely proper for the trial court to permit the prosecutor to impeach the defendant's character witnesses by cross-examining the witnesses on whether they had heard about a specific incident in which the defendant allegedly had threatened his landlady's life. It is well established that character witnesses may be cross-examined as to the existence of rumors or reports of particular acts allegedly committed by the defendant which are inconsistent with the reputation they have attributed to him *(see,* Richardson, Evidence § 153 [Prince 10th ed]; *People v Tempera,* 94 AD2d 748, 749).

Furthermore, we agree with the hearing court that the several minor incidents alleged to constitute court officer and juror misconduct did not affect any substantial right of the defendant or impair the ability of the jury to fairly and impartially assess the case *(see, People v Horney,* 112 AD2d

841, *lv denied* 66 NY2d 615; *People v McCurdy,* 86 AD2d 493; *People v Brown,* 42 AD2d 633).

Lastly, we have reviewed the defendant's remaining contention with respect to the prosecutor's comments during summation, and we find that this claim has not been properly preserved for appellate review *(see, People v Medina,* 53 NY2d 951; *People v Santiago,* 52 NY2d 865). We decline to review this issue in the interest of justice. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.