■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE DUHANEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered September 11, 1985, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt.

The trial court did not improvidently exercise its discretion in permitting the prosecutor to question the defendant's character witness about whether he had heard that the defendant had been indicted for the sale of drugs *(see,* Richardson, Evidence § 153, at 124 [Prince 10th ed]). The question was relevant to the ability of the character witness to accurately reflect the defendant's reputation in the community *(see, People v Kuss,* 32 NY2d 436). Moreover, since this witness indicated that the defendant was known as "a nice kid", the

question was within the scope of traits testified to by the defendant *(cf., People v Lediard,* 80 AD2d 237).

We find that the consecutive sentences imposed were legally permissible. The record supports the People's contention that the convictions stemmed from separate and distinct acts *(see,* Penal Law § 70.25 [2]). Nor was the sentence excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.