■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO ADAMES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Monserrate, J.), rendered December 13, 1985, convicting him of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove beyond a reasonable doubt by legally sufficient evidence that he caused "physical injury" to the complainant within the meaning of Penal Law § 10.00 (9) when he struck the complainant on the back with a metal head golf club. However, since the defendant did not raise this ground in his motion for a trial order of dismissal, the issue is unpreserved for appellate review (CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence adduced at trial in the light most favorable to the People, the evidence was legally sufficient to establish that the complainant suffered physical injury and to support the defendant's conviction of assault in the second degree *(see, People v Contes,* 60 NY2d 620, 621; *see also, People v Greene,* 70 NY2d 860). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict on this count was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt of criminal possession of a weapon in the third degree is also unpreserved for appellate review. In any event, the evidence adduced at trial sufficiently established that the defendant's use of the golf club rendered it a dangerous instrument *(see,* Penal Law § 10.00 [13]; *People v Carter,* 53 NY2d 113; *People v Naylor,* 120 AD2d 940). Moreover, upon the exercise of our factual review power, we find that the verdict on this count was not against the weight of the evidence (CPL 470.15 [5]).

Since the crimes for which the defendant received a consecutive sentence arose from the occurrence of separate and distinct acts, we find that the imposition of a consecutive sentence was legally permissible *(see,* Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208; *People v Duhaney,* 157 AD2d 665). Moreover, the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80). Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.