■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COLEMAN, Appellant. [600 NYS2d 115] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Pitaro, J.), rendered October 18, 1991, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the robbery counts beyond a reasonable doubt. We also find that the evidence was legally sufficient to establish the "physical injury" element of the defendant's conviction for assault in the second degree in relation to the gunshot wound to the complainant's left shoulder beyond a reasonable doubt. We find that the complainant's testimony regarding the extent and duration of the pain and the emergency medical assistance that was rendered sufficed to show that he suffered "physical injury" within the meaning of Penal Law § 10.00 (9) *(see, People v Pagano,* 191 AD2d 520; *People v Campbell,* 157 AD2d 738). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The scope and extent of cross-examination is within the sound discretion of the trial court *(see, People v Sorge,* 301 NY 198, 202). In the present case, defense counsel was afforded extensive leeway in questioning the two complainants on the controverted topics. Counsel was permitted to inquire, *inter alia,* into how the two complainants met that night, where they had been before the incident, and how long they had been in the park before being robbed. Therefore, the limitations imposed by the court did not constitute an improvident exercise of discretion *(see, People v Anderson,* 168 AD2d 624).

Furthermore, the court did not improvidently exercise its discretion in permitting the prosecutor to question the defendant's character witness about whether he had heard that the defendant had a previous arrest for burglary in the third degree *(see, People v Duhaney,* 157 AD2d 665; *People v Cruz,* 147 AD2d 584; *People v Wharton,* 138 AD2d 429).

The defendant's remaining contentions are unpreserved for

appellate review or without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.