■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. MENTZER, Appellant. [633 NYS2d 989] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered February 10, 1995, convicting him of driving while intoxicated, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MILLER, Appellant. [633 NYS2d 328] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered October 22, 1993, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improvidently exercised its discretion and committed reversible error by curtailing the cross-examination of the arresting officer with regard to paperwork filed in connection with the defendant's accomplice is without merit. The scope and extent of cross-examination is within the sound discretion of the trial court (see, People v Sorge, 301 NY 198; People v Coleman, 195 AD2d 475). The trial court allowed an extensive attack on the officer's credibility. Therefore, the limitations imposed by the court did not pose an improvident exercise of discretion (see, People v Coleman, supra; People v Jones, 125 AD2d 414).

The defendant's remaining contention regarding the prosecutor's reference to portions of the People's testimony as "uncontradicted", is in part unpreserved for appellate review. In any event, any such reference was a proper rejoinder to the portion of the defense counsel's summation, which attacked the arresting officer's credibility. Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.