Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 7, 2001, convicting him of murder in the second degree (two counts), robbery in the first degree, and tampering with physical evidence, upon a jury verdict, and sentencing him to concurrent terms of 25 years’ to life imprisonment for the convictions of murder in the second degree, a term of 25 years’ imprisonment for the conviction of robbery in the first degree to run consecutive to the term of imprisonment imposed for the convictions of murder in the second degree, and a term of 2 to 4 years’ imprisonment for the conviction of tampering with physical evidence to run consecutive to the other terms of imprisonment, under Indictment No. 3962/98, and (2) an amended judgment of the same court rendered June 15, 2001, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree, under Indictment No. 772/98.
Ordered that the judgment is modified, on the law, by delet *468 ing the provision thereof directing that the terms of imprisonment imposed for murder in the second degree (count one) and robbery in the first degree (count four) shall run consecutive to each other and substituting therefor a provision directing that the terms of imprisonment imposed for those counts are to run concurrently with each other; as so modified, the judgment is affirmed; and it is further,
Ordered that the amended judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly declined to charge the jury on the affirmative defense of duress (see People v Lane, 112 AD2d 247, 248 [1985]; People v Amato, 99 AD2d 495, 496 [1984]; People v Irby, 61 AD2d 386, 401-402 [1978], mod 47 NY2d 894 [1979]).
As the People correctly , concede, the Supreme Court erred in directing that the term of imprisonment imposed on the conviction of murder in the second degree (count one) run consecutive to the term of imprisonment imposed on the conviction of robbery in the first degree (count four) (see Penal Law 70.25 [2]; People v Laureano, 87 NY2d 640 [1996]). Accordingly, we modify the judgment to direct that those sentences run concurrently with each other.
The defendant’s remaining contention is, in part, unpreserved for appellate review and, in any event, does not warrant reversal (see People v Spratley, 237 AD2d 545, 546 [1997]; People v Miller, 220 AD2d 778 [1995]). Smith, J.P., Krausman, McGinity and Rivera, JJ., concur.