People v Williams (2025 NY Slip Op 01397)

People v Williams

2025 NY Slip Op 01397

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-03863
 (Ind. No. 436/17)

[*1]The People of the State of New York, respondent,
v
Kristof Williams, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Charles T. Pollak of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered May 12, 2022, convicting him of murder in the second degree, burglary in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions of murder in the second degree and burglary in the first and second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's guilt of those crimes beyond a reasonable doubt. Defense counsel was not ineffective for failing to preserve this contention (see People v Caban, 5 NY3d 143, 152; People v Fedyk, 202 AD3d 819, 820; People v Parrado, 200 AD3d 807, 808). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court violated his Sixth Amendment right of confrontation by restricting his attorney's cross-examination of a police detective regarding civil lawsuits filed against him is unpreserved for appellate review (see CPL 470.05[2]; People v Kello, 96 NY2d 740, 744; People v Degree, 186 AD3d 501, 502-503). In any event, the contention is without merit. "Where a defendant seeks to question a police witness on the facts underlying civil rights lawsuits, '[f]irst, counsel must present a good faith basis for inquiring, namely, the lawsuit relied upon; second, specific allegations that are relevant to the credibility of the law enforcement witness must be identified; and third, the trial judge exercises discretion in assessing whether inquiry into such allegations would confuse or mislead the jury, or create a substantial risk of undue prejudice to the parties'" (People v Mack, 196 AD3d 603, 605, quoting People v Smith, 27 NY3d 652, 662). Here, the defendant failed to identify specific allegations relevant to the credibility of the police detective from the lawsuits, and thus, the court's limitation of the defendant's cross-examination concerning those lawsuits was proper under the circumstances (see id.).
The defendant's contention that the Supreme Court committed reversible error in permitting certain jurors who were taking notes to remain on the jury is unpreserved for appellate review, as the defendant's counsel did not object to the court's remedy of questioning these jurors and providing instructions to ensure that they each could render an impartial verdict (see CPL 470.05[2]; People v Reneau, 209 AD3d 677, 678; People v Harris, 72 AD3d 1110, 1112). In any event, the defendant's contention is without merit. After the court learned that a few jurors were improperly taking notes, the court fashioned an adequate remedy, assented to by defense counsel, to question these jurors and provide instructions to ensure that they could proceed impartially. Further, the defendant's contention that his counsel's failure to file a mistrial motion due to the note-taking jurors deprived him of the effective assistance of counsel is without merit (see People v Caban, 5 NY3d at 152).
The defendant's contention that he was deprived of a fair trial pursuant to the Fourteenth Amendment based upon the prosecutor's improper questioning of the defendant's character witness is unpreserved for appellate review (see CPL 470.05[2]; People v Harris, 98 NY2d 452, 492). In any event, the Supreme Court did not improvidently exercise its discretion in permitting the prosecutor to question the defendant's character witness, inter alia, about whether she had heard that the defendant had produced certain music videos and made gang signs in those music videos, as the character witness testified to the defendant's reputation for peacefulness in the community (see People v Duhaney, 157 AD2d 665, 665-666; People v Wharton, 138 AD2d 429). Further, the defendant's contention that the court should have provided a limiting instruction as to the evidence of the defendant's alleged gang affiliation is unpreserved for appellate review (see CPL 470.05[2]; People v Jones, 179 AD3d 948, 950).
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court