■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVADOR MIRANDA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Kellam, J.), both rendered March 16, 1984, each convicting him of criminal sale of a controlled substance in the second degree, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that his recitation of the underlying facts of the crimes charged did not establish the requisite mental culpability to sustain the convictions of criminal sale of a controlled substance in the second degree based upon accessorial liability. Since the defendant did not raise any objections as to the adequacy of the plea allocutions to the court of first instance, he has failed, as a matter of law, to preserve his claim for appellate review (see, People v Pellegrino, 60 NY2d 636; People v Pascale, 48 NY2d 997; People v Santiago, 100 AD2d 857). In any event, the plea allocutions satisfied the standards set forth by the Court of Appeals in People v Harris (61 NY2d 9) for establishing that the guilty pleas were entered knowingly, intelligently and voluntarily.

We also reject the defendant's contention that he was not afforded effective assistance of counsel because counsel permitted him to plead guilty knowing he lacked the capacity to make an informed judgment due to mental retardation. Contrary to the defendant's contention, however, the results of a CPL article 730 examination and a mental forensic examination conducted at his attorney's request indicate that the defendant had the capacity to understand the nature of the proceedings and to assist counsel in his defense. While the defendant's level of intellectual functioning is within the

lowest limits of the low average range, as evidenced by an over-all intelligence quotient of 81, it was not so deficient as to render him either incompetent to stand trial or incapable of forming the requisite intent to commit the crimes charged. Furthermore, the defendant's bald, conclusory allegation that defense counsel coered him into pleading guilty is refuted by the record of the plea allocutions *(People v Corwise,* 120 AD2d 604). Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.