■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY COLEMAN GORDON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered December 21, 1981, convicting him of attempted

murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review (1) the denial, after a hearing (Kepner, J.), of the defendant's application pursuant to CPL article 730 for an order declaring him unfit to proceed, and (2) the denial, after a hearing (Thorp, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

We find no basis to disturb the findings of the hearing court that the defendant was competent to stand trial (see, CPL 730.10 [1]), that his prolonged silence was in fact willful, and that he was malingering. Where the hearing court is presented with conflicting evidence of competency, great deference will be accorded its findings (see, People v Carl, 58 AD2d 948, revd on other grounds 46 NY2d 806). We further conclude that the trial court did not err in denying the defendant's request for a second competency examination (cf. People v Picozzi, 106 AD2d 413). The court properly found that the defendant's continued silence over a period of nine months since the initial competency examination, without more, constituted an insufficient basis to direct further proceedings pursuant to CPL 730.30.

With respect to the suppression hearing, we find that the showup, which occurred shortly after the robbery and near the scene of the crime, was an appropriate procedure conducted in the interest of securing a prompt and reliable identification (see, People v Love, 57 NY2d 1023). The court therefore properly declined to suppress the complainant's identification testimony.

We have examined the remainder of the defendant's contentions, including those raised in his pro se supplemental brief, and find them to be either unpreserved or without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.