■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ORAMA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered July 31, 1979, convicting him of attempted murder in the first degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooper, J.), of the defendant's application,

pursuant to CPL article 730, for an order declaring him unfit to proceed.

Ordered that the judgment is affirmed.

We find that the hearing court properly determined that the defendant was competent to stand trial (see, CPL 730.10 [1]), that his continued silence and unwillingness to communicate with his attorney was willful conduct, and that he was a malingerer (see, People v Gordon, 125 AD2d 587). Where the hearing court is presented with conflicting evidence of competency, great deference will be accorded its findings (see, People v Carl, 58 AD2d 948, revd on other grounds 46 NY2d 806). The court did not err in denying the defendant's repeated requests for additional competency hearings. The People had sustained their burden of establishing the defendant's fitness by a preponderance of credible evidence through the testimony of two psychiatrists whose opinions are entitled to great weight (People v Breeden, 115 AD2d 484; see, People v Picozzi, 106 AD2d 413, 414; People v Allen, 135 AD2d 823).

Viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt. The People proved that the defendant sold two packets of cocaine to undercover Officer Garcia and was arrested immediately thereafter in possession of the prerecorded "buy" money and additional cocaine. The People further established that the defendant aimed a partially loaded revolver at the two arresting officers and pulled the trigger twice. The first two chambers of the revolver were empty and the defendant was subdued prior to his squeezing the trigger a third time on a loaded chamber. The defendant's intent to kill the two officers may readily be inferred (see, People v Milea, 112 AD2d 1011, 1013, lv denied 66 NY2d 921; cf., People v Davis, 72 NY2d 32). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The trial court did not err in denying the defense request for a jury charge on agency. No reasonable view of the evidence exists to support the view that the defendant acted as a mere instrumentality of the buyer (see, People v Vargas, 135 AD2d 853; cf., People v Gonzales, 66 AD2d 828). Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.