■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SUPINO, Appellant. [609 NYS2d 853] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered December 11, 1991, convicting him of rape in the first degree, sodomy in the first degree (3 counts), criminal use of a firearm in the first degree (2 counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree, criminal possession of stolen property in the fifth degree, and menacing, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the defendant's oral statements. The record clearly indicates that the defendant was responsive when he was read his *Miranda* rights and that no threats, force, coercion, or improper police conduct prompted the defendant to make his statements.

Contrary to the defendant's contention, the court did not err in concluding, after a hearing, that the defendant was competent to stand trial *(see,* CPL 730.10). We are satisfied that the People sustained their burden of proving by a preponderance of the credible evidence that the defendant is not an incapacitated person *(see, People v Orama,* 150 AD2d 505).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal use of a firearm in the first degree beyond a reasonable doubt.

The sentence imposed was appropriate under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.