■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SCHWARTZ, Appellant. [614 NYS2d 948] —Judgment unanimously affirmed. Memorandum: The record supports County Court's determination that defendant was not an "incapacitated person" (CPL 730.10 [1]). The testimony at defendant's CPL article 730 hearing established that, although defendant is mentally retarded, his level of intellectual functioning is not so deficient as to render him incompetent to stand trial (see, People v Miranda, 125 AD2d 418).

Defendant's plea allocution reveals a knowing, intelligent and voluntary waiver of the right to appeal that encompasses the contention that defendant's sentence is harsh and excessive (see, People v Allen, 82 NY2d 761, 763). (Appeal from Judgment of Erie County Court, LaMendola, J.—Manslaughter, 1st Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. ALLEN, JR., Appellant. [614 NYS2d 949] —Judgment unanimously affirmed. Memorandum: We agree with defendant that his purported waiver, as part of his guilty plea, of his right to appeal on constitutional double jeopardy grounds was invalid (see, People v Callahan, 80 NY2d 273, 280; People v Seaberg, 74 NY2d 1, 9; see also, People v Michael, 48 NY2d 1, 7). On the merits, however, we conclude that the court properly granted the People's earlier motion for a mistrial based on manifest necessity (see, CPL 280.10 [3]; Matter of Enright v Siedlecki, 59 NY2d 195, 199-201). The court's reliance on medical information that a key prosecution witness had suffered a massive heart attack was proper (see, Hall v Potoker, 49 NY2d 501, 507). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.