■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PULECIO, Appellant. [656 NYS2d 46] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered June 19, 1990, convicting him of attempted murder in the first degree (two counts), aggravated assault upon a police officer, assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly determined, after a hearing, that the defendant was competent to stand trial *(see,* CPL 730.10 [1]). The People sustained their burden of establishing the defendant's fitness through the expert testimony of two psychiatrists *(see, People v Supino,* 202 AD2d 454; *People v Orama,* 150 AD2d 505). Affording appropriate deference to the hearing court, which had the opportunity to observe the defendant and his behavior in the courtroom *(see, People v Morgan,* 87 NY2d 878, 881; *People v Aviles,* 234 AD2d 466), and upon consideration of the criteria relevant to a determination of fitness to stand trial *(see, People v Picozzi,* 106 AD2d 413), we find that the determination of competency is supported by the record, and we decline to disturb it.

In addition, we reject the defendant's assertion that the court should have conducted an additional hearing or inquiry before permitting him to withdraw his notice of intention to present an insanity defense. Once a defendant is found to be competent to stand trial, he has every right, even over counsel's objection, "to reject the use of an insanity defense" *(People v McMillan,* 148 Misc 2d 738, 741, *affd* 212 AD2d 445; *People v MacDowell,* 133 Misc 2d 944; *see also, People v Morton,* 173 AD2d 1081). Moreover, we note that the record demonstrates that the defendant reached his decision to withdraw his proposed insanity defense after extensive consultation with his attorney, and that his decision was not opposed by defense counsel, who joined in the application.

We further find that the sentence imposed was not unduly harsh or excessive under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.