■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN FERGUSON, Appellant. [670 NYS2d 327] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered March 22, 1995, convicting him of murder in the second degree (six counts), attempted murder in the second degree (nineteen counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly determined, after a hearing, that the defendant was competent to stand trial (*see,* CPL 730.10 [1]). The People sustained their burden of establishing the defendant's fitness through the expert testimony of two psychiatrists (*see, People v Pulecio,* 237 AD2d 633; *People v Vandemark,* 225 AD2d 716, 717; *People v Supino,* 202 AD2d 454; *People v Orama,* 150 AD2d 505, 506; *People v Allen,* 135 AD2d 823; *People v Breeden,* 115 AD2d 484).

Contrary to the defendant's contentions, neither the fact that the defense-retained psychiatrist disagreed with the conclusion of the two court-appointed experts, nor the fact that the defendant opted to reject a "black rage" insanity defense dictated a ruling that he was unfit for trial. As this Court has previously observed, "[w]here the hearing court is presented with conflicting evidence of competency, great deference [is] accorded its findings" (*People v Gordon,* 125 AD2d 587, 588; *People v Allen, supra,* at 823; *People v Breeden, supra,* at 484). In addition, the defendant's decision not to pursue an insanity defense does not, in and of itself, indicate incompetence (*see, People v Reason,* 37 NY2d 351, 352-353; *People v Dyer,* 128 AD2d 719, 720; *People v Morton,* 173 AD2d 1081, 1084; *People v Allen, supra,* at 823; *People v Picozzi,* 106 AD2d 413, 414).

The court properly permitted the defendant to appear *pro se,* since a defendant who is competent to stand trial is necessarily competent to waive his right to counsel and proceed *pro se (see, People v Reason, supra,* at 353-354; *People v Schoolfield,* 196 AD2d 111, 116).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.