■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD R. BROW, SR., Appellant. [682 NYS2d 320] —Judgment unanimously affirmed. Memorandum: County Court properly determined after a hearing that defendant, although mildly mentally retarded, was not an incapacitated person (*see,* CPL 730.10 [1]; *People v Schwartz,* 204 AD2d 973). The People established through the testimony of a psychiatrist and

psychologist that defendant had the capacity to understand the charges against him and to assist in his defense. The fact that the defense-retained psychologist disagreed with the conclusion of the People's experts did not compel a determination of incompetence (*see, People v Ferguson*, 248 AD2d 725). "Where the hearing court is presented with conflicting evidence of competency, great deference [is] accorded its findings" (*People v Gordon*, 125 AD2d 587, 588; *see, People v Breeden*, 115 AD2d 484).

Because defendant did not move to withdraw his plea under CPL 220.60 (3) or to vacate the judgment of conviction under CPL 440.10, his contention that his plea was not knowingly and voluntarily entered because the plea allocution was insufficient is not preserved for our review (*see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez*, 71 NY2d 662, 665-666). Further, this is not one of those rare cases in which "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra*, at 666). The record establishes that, during the plea colloquy, defendant initially denied that he had committed the underlying act. After the court conducted further inquiry, defendant admitted that he had committed the act. Thus, the court met its duty of conducting further inquiry to satisfy itself of defendant's knowing and voluntary admission of guilt (*see, People v Lopez, supra*, at 666; *People v Hillendale*, 244 AD2d 911; *People v Waterman*, 229 AD2d 1013, 1014). Moreover, it is clear that defendant, who was exposed to the risk of multiple felony convictions with the potential for consecutive sentences, elected to limit his risk and accept a favorable plea bargain. In any event, the record establishes that defendant entered his guilty plea knowingly, voluntarily and intelligently (*see, People v Fiumefreddo*, 82 NY2d 536, 543).

"Defendant's contention that his rights under CPL 30.30 were violated was forfeited when he entered his plea of guilty" (*People v Suarez*, 55 NY2d 940, 942; *see, People v O'Brien*, 56 NY2d 1009, 1010). (Appeal from Judgment of Jefferson County Court, Clary, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.