■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE GARRASI, Appellant. [754 NYS2d 799] —Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered June 14, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and other crimes in connection with the death of his wife in August 1998. Defendant killed his son in 1983 and thereafter was institutionalized upon his plea of not responsible by reason of mental disease, having been diagnosed as a paranoid schizophrenic. After his release from the Buffalo Psychiatric Center in 1991, he returned home to live with his wife. He thereafter was treated on an out-patient basis, with the exception of two brief admissions at the Buffalo Psychiatric Center. When the symptoms of his illness worsened, he began living apart from his wife, who became increasingly fearful of him. On August 2, 1998, he attacked his wife in her home and

stabbed her several times before striking her in the head with a wrench. Witnesses heard the victim cry for help and saw defendant leaving the scene. Defendant fled to Canada but returned one week later and surrendered to the police.

Defendant's competency was determined at a hearing held prior to trial pursuant to CPL article 730. At trial, there was conflicting expert medical testimony whether defendant lacked criminal responsibility for the crimes charged by reason of his mental illness. He testified in his own defense that he stabbed his wife in self-defense after disarming her when she attacked him with a knife during an argument. He testified that he struck her in the head with the wrench to "take her out of her misery." The jury rejected the affirmative defenses of insanity, justification and extreme emotional disturbance and found defendant guilty of the crimes charged.

Contrary to the contention of defendant, Supreme Court's determination that he was fit to proceed is supported by legally sufficient evidence at the competency hearing. The People met their burden of proof at that hearing through the expert testimony of two of the three psychiatric examiners who examined defendant (see People v Ferguson, 248 AD2d 725, lv denied 92 NY2d 981; People v Pulecio, 237 AD2d 633, lv denied 90 NY2d 862). Unlike the third psychiatric examiner, they found that defendant was able to assist in his own defense despite his mental illness. Where, as here, "the hearing court is presented with conflicting evidence of competency, great deference [is] accorded its findings" (People v Gordon, 125 AD2d 587, 588; see People v Mendez, 297 AD2d 291; Ferguson, 248 AD2d at 725).

Contrary to the further contention of defendant, the court did not abuse its discretion in failing sua sponte to reopen the competency hearing or to order the further examination of defendant during trial (see People v Tortorici, 92 NY2d 757, 766, cert denied 528 US 834; People v Graham, 272 AD2d 479, lv denied 95 NY2d 865). Given the fact that defense counsel never sought that relief (see People v Bolarinwa, 258 AD2d 827, 831, lv denied 93 NY2d 1014), we conclude that "a sua sponte competency hearing might well have been viewed by the defense as interfering with its strategy regarding the insanity defense, as well as its unequivocal determination to proceed to trial at that time and before that particular jury" (Tortorici, 92 NY2d at 768). Most importantly, however, defendant's trial testimony was clear, lucid, coherent and logical (see Graham, 272 AD2d at 480), and the court had "the opportunity to interact with and observe defendant * * * throughout the

course of the trial itself * * * [and thus] had adequate opportunity to properly assess defendant's competency" (*Bolarinwa*, 258 AD2d at 831). Indeed, during his testimony defendant discussed not only the incident itself but also his history of mental illness. At no time while on the stand did he indicate that he lacked "capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]). For the same reasons, we reject the additional contention of defendant that the court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 on the ground that he was mentally incompetent to stand trial.

By the time of sentencing, however, defendant showed signs that he was no longer fit to proceed, and thus we agree with defendant that the court abused its discretion in failing sua sponte to order a competency hearing before imposing sentence, to determine whether he was fit to proceed at that time (*see People v Armlin*, 37 NY2d 167, 171-173; *People v Bangert*, 22 NY2d 799). Although the comments of defendant to the probation officer set forth in the presentence investigation report do not raise any question regarding his competency, his comments to the court at the time of sentencing were clearly delusional. The court has "the authority, and the continuing obligation, to address * * * evidence [of incompetence] at any time it believe[s] circumstances warrant[ ] a hearing" (*People v Williams*, 85 NY2d 945, 948; *cf. People v Smyth*, 3 NY2d 184, 187-188, *rearg denied* 3 NY2d 942).

Contrary to defendant's additional contention, the jury's rejection of the affirmative defenses of insanity and extreme emotional disturbance is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's contention that the conviction is not supported by legally sufficient evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19).

We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court, Erie County, to resentence defendant (*see People v Colon*, 128 AD2d 422, *lv denied* 69 NY2d 1002, 70 NY2d 750). If the court is "of the opinion that the defendant may be an incapacitated person" at that time (CPL 730.30 [1]), it shall order a competency hearing before imposing sentence. In view of our determination, we do not address defendant's remaining contention concerning the severity of the sentence. Present—Wisner, J.P., Scudder, Burns and Hayes, JJ.