■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX M. FERRER, Appellant. [791 NYS2d 721]—

Crew III, J.P. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered July 30, 2002, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree, and (2) by permission, from an order of said court, entered June 10, 2003, which denied

defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted for burglary in the second degree as the result of his illegal entry of a residence in the City of Binghamton, Broome County. Following jury selection, defendant pleaded guilty to attempted burglary in the second degree in satisfaction of the indictment and several other charges. Prior to sentencing, defendant made a pro se motion to withdraw his plea and to discharge counsel. County Court, after receiving defendant's submissions, ordered that defendant undergo a competency examination pursuant to CPL 730.30. Consequently, two psychiatrists independently examined defendant and determined that he was not an incapacitated person. Thereafter, County Court denied the motion and sentenced defendant to five years' imprisonment with five years of postrelease supervision in accordance with the plea agreement. Following sentencing, defendant made a pro se CPL 440.10 motion to vacate his judgment of conviction, which motion was denied without a hearing. Defendant now appeals from the judgment of conviction and, with this Court's permission, the order denying his motion to vacate the judgment.

We affirm. Defendant's primary contention on appeal is that County Court erred in failing to order a competency hearing pursuant to CPL 730.30 (2). We disagree. Pursuant to that section, in the absence of a motion for a hearing requested by the defendant or the District Attorney, the court has discretion as to whether to conduct such a hearing on its own motion. In this regard, it is perfectly well settled that a trial court is entitled to give weight to the findings of competency derived from the ordered examinations (*see People v Morgan*, 87 NY2d 878, 880 [1995]).

Here, County Court had the advantage of observing defendant throughout the course of the proceedings and personally interacted with him on a number of occasions, including plea discussions. Thus, the court had ample expert and personal information upon which to make a decision not to conduct a hearing. Moreover, it is noted that defense counsel did not request a hearing and, as it has been observed, counsel was in the best position to assess defendant's capacity and request an examination pursuant to CPL 730.30 (2) (*see People v Gelikkaya*, 84 NY2d 456, 460 [1994]).

We likewise are satisfied that, contrary to defendant's assertion, defense counsel's failure to request a CPL 730.30 hearing did not deprive defendant of the effective assistance of counsel. Counsel negotiated a very favorable plea for defendant and, in

the face of the two psychiatrists' reports submitted in response to the trial court's order, we are persuaded that counsel's conduct is anything but ineffective (*see People v Barclay*, 1 AD3d 705, 706-707 [2003], *lv denied* 1 NY3d 567 [2003]).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.