THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. TROY, Appellant. [817 NYS2d 289]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered July 30, 2003, convicting him of murder in the first degree (two counts) and attempted murder in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in determining, after a hearing, that the defendant was competent to stand trial (*see* CPL 730.10). The burden of proof is on the prosecution to establish a defendant's competence, and the burden requires that fitness to stand trial be established by a preponderance of the evidence (*see People v Mendez,* 1 NY3d 15, 19 [2003]; *People v Supino,* 202 AD2d 454 [1994]). Further, "[w]here the hearing court is presented with conflicting evidence of competency, great deference will be accorded its findings" (*People v Gordon,* 125 AD2d 587, 588 [1986]; *see People v Ferguson,* 248 AD2d 725 [1998]; *People v Orama,* 150 AD2d 505, 506 [1989]). We are satisfied that the prosecution met its burden and we perceive no basis upon which to disturb the court's determination.

To the extent that the defendant complains that a prosecution witness was not a properly certified psychologist pursuant to CPL 730.10 (6), that contention is not preserved for appellate review since the defendant never raised this argument during the hearing (*see* CPL 470.05 [2]). In any event, the defendant's

argument is without merit. Pursuant to CPL 730.10 (6), a "certified psychologist" is "a person who is registered as a certified psychologist under article one hundred fifty-three of the education law." At the hearing, the witness testified that he was licensed by the State of New York as a certified psychologist under Education Law article 153.

The defendant's remaining contention, that the court violated his constitutional rights by determining the issue of his competence rather than submitting the issue to the jury, is not preserved for appellate review, as the defendant did not give proper notice to the Attorney General of this constitutional challenge to CPL 730.30 (*see* CPLR 1012 [b] [1], [3]). In any event, the defendant did not have any constitutional right to have this preliminary issue, which did not relate to the defendant's guilt or innocence, determined by a jury (*see generally Ford v United States,* 273 US 593, 606 [1927]; *United States v Berrigan,* 482 F2d 171, 175 [1973]; *People v Utica Daw's Drug Co.,* 16 AD2d 12, 16 [1962]). Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.