■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN H. JONES, Appellant. [839 NYS2d 387]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered December 12, 2005. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that his due process rights were violated by County Court's determination that he was competent to stand trial. Contrary to defendant's contention, there was no violation of CPL 730.20 (1). The court issued an order of examination, whereupon two qualified psychiatric examiners examined defendant. Those two psychiatric examiners testified at a hearing conducted by the court, and the court subsequently granted the People's request to reopen the hearing to enable a third psychiatric examiner to testify. Contrary to defendant's contention, there was no need for two

additional psychiatric examiners to examine defendant inasmuch as the court did not issue a second order of examination. Conflicting testimony was presented at the hearing with respect to defendant's competency, and the court's findings are entitled to great deference (*see People v Garrasi,* 302 AD2d 981, 982 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Brow,* 255 AD2d 904, 905 [1998]). We conclude that the court properly determined that the People established defendant's competency by a preponderance of the evidence (*see People v Aponte,* 34 AD3d 298 [2006], *lv denied* 8 NY3d 843 [2007]; *Garrasi,* 302 AD2d at 982; *see generally People v Mendez,* 1 NY3d 15, 19-20 [2003]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Green, JJ.