THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ROJAS, Appellant. [840 NYS2d 152]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Wong, J.), rendered June 30, 2004, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

A court's determination on whether to order a competency examination is addressed to the court's discretion, and great deference is accorded that exercise (*see People v Morgan*, 87 NY2d 878, 879-880 [1995]; *People v Jones*, 25 AD3d 809, 810 [2006]; *People v Jordan*, 21 AD3d 1039 [2005]). At sentencing, defense counsel asked the court to order an examination pursu-

ant to CPL article 730, based on what he told the court was his inability to communicate with the defendant (*see* CPL 730.10 *et seq.*). The court denied the request, apparently only on the erroneous ground that CPL article 730 did not apply at sentencing. A court may not, however, sentence a defendant who is incompetent (*see* CPL 730.30 [1]; *People v Bangert*, 22 NY2d 799, 800 [1968]; *People v Garrasi*, 302 AD2d 981, 983 [2003]). While a court is not required to order an examination pursuant to CPL article 730 unless "it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]), it is not free to decline to order an examination merely because, as here, sentence is about to be pronounced. In light of the court's failure to exercise its discretion, we vacate the sentence and remit for resentencing. If at resentencing, the court "is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]), then it must order an examination pursuant to CPLR article 730. We do not by this decision express any opinion as to whether a CPL article 730 examination will be warranted.

The defendant's remaining contentions are without merit. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.