The People of the State of New York, Respondent, v Dan Tabor, Appellant. [849 NYS2d 852]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 21, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]). We agree with defendant that County Court erred in summarily denying his request to proceed pro se. "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]; *see People v D'Antuono*, 263 AD2d 968, 969 [1999]). In determining that a defendant is acting knowingly and voluntarily, the court must "ensure that the defendant . . . is aware of the disadvantages and risks of waiving his right to counsel" (*People v Schoolfield*,

196 AD2d 111, 115 [1994], *lv dismissed* 83 NY2d 858 [1994], *lv denied* 83 NY2d 915 [1994]). Here, the record establishes that all three prongs of the test in *McIntyre* were met (*see People v Ward*, 205 AD2d 876, 877 [1994], *lv denied* 84 NY2d 873 [1994]; *cf. People v Lott*, 23 AD3d 1088, 1089 [2005]; *see generally People v Arroyo*, 98 NY2d 101, 103-104 [2002]).

We do not reach defendant's remaining contentions in light of our determination. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.