■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY W. STONEHAM, Appellant. [856 NYS2d 418]—

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered July 18, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to the contention of defendant, County Court (Peter L. Broderick, Sr., J.) properly determined that the People established defendant's competency to stand trial by a preponderance of the evidence (*see People v Aponte*, 34 AD3d 298 [2006], *lv denied* 8 NY3d 843 [2007]; *People v Garrasi*, 302 AD2d 981, 982 [2003], *lv denied* 100 NY2d 538 [2003]; *see generally People v Mendez*, 1 NY3d 15, 19-20 [2003]). Although conflicting testimony was presented at the competency hearing, the court's findings are entitled to great deference (*see Garrasi*, 302 AD2d at 982; *People v Brow*, 255 AD2d 904 [1998]), and the opinions of two court-appointed psychiatric experts and the court's own opportunity to observe defendant during the judicial proceedings support the conclusion that defendant had a " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and . . . a rational as well as factual understanding of the proceedings against him' " (*Dusky v United States*, 362 US 402, 402 [1960]; *see Mendez*, 1 NY3d at 19).

We reject defendant's further contention that the showup identification procedure was unduly suggestive. The showup was conducted in geographical and temporal proximity to the crime (*see generally People v Ortiz*, 90 NY2d 533, 537 [1997]), and it was not rendered unduly suggestive by the fact that defendant was handcuffed and seated in a patrol car when he was identified (*see People v Armstrong*, 11 AD3d 721, 722 [2004], *lv denied* 4 NY3d 760 [2005]). Finally, there is no support in the record for the contention of defendant that Supreme Court (Richard C. Kloch, Sr., A.J.) acted vindictively in sentencing him (*see People v Lewis*, 292 AD2d 814, 815 [2002], *lv denied* 98 NY2d 677 [2002]; *see generally People v Pena*, 50 NY2d 400, 411-412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.