■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW J. EDWARDS, JR., Appellant. [865 NYS2d 454]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered March 13, 2007. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (§ 205.30). Contrary to the contention of defendant, the police had reasonable suspicion to stop and temporarily detain him for questioning inasmuch as he matched the description of the suspect given to the police and was found by the police in proximity to the location of the crime (*see People v Casillas*, 289 AD2d 1063, 1064 [2001], *lv denied* 97 NY2d 752 [2002]; *People v Glaze*, 255 AD2d 932 [1998], *lv denied* 93 NY2d 853 [1999]; *see generally People v De Bour*, 40 NY2d 210, 223 [1976]). Based on that reasonable suspicion, the police were entitled to pursue defendant when he fled (*see People v Martinez*, 80 NY2d 444, 446 [1992]; *People v Davis*, 48 AD3d 1120, 1121-1122 [2008]).

Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Dorrah,* 50 AD3d 1619 [2008]) and, in any event, that challenge is without merit. The record establishes that defendant admitted each of the elements of the crimes to which he pleaded guilty (*see People v Gibbs,* 31 AD3d 1186 [2006], *lv denied* 7 NY3d 867 [2006]; *People v Emm,* 23 AD3d 983, 984 [2005], *lv denied* 6 NY3d 775 [2006]) and, contrary to defendant's further contention, County Court conducted the requisite further inquiry when defendant equivocated on his guilt for the crime of resisting arrest (*see Lopez,* 71 NY2d at 666; *People v Brow,* 255 AD2d 904 [1998]). Defendant initially responded in the negative when asked whether he intentionally prevented or attempted to prevent the State Trooper from arresting him, whereupon the court indicated to defendant that he should not plead guilty to that crime. Upon conferring with defense counsel, defendant then responded in the affirmative when the court repeated the question. Finally, by pleading guilty, defendant forfeited his contention concerning the sufficiency of the evidence before the grand jury (*see People v Taylor,* 65 NY2d 1, 5 [1985]; *People v Dunbar,* 53 NY2d 868, 871 [1981]; *People v Ware,* 34 AD3d 860 [2006], *lv denied* 8 NY3d 951 [2007]), and the sentence is not unduly harsh or severe. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ. [*See* 14 Misc 3d 1238(A), 2007 NY Slip Op 50420(U).]