Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered September 21, 2006. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that County Court abused its discretion in failing sua sponte to order a second competency hearing before he entered his guilty plea. We reject that contention (see People v Tortorici, 92 NY2d 757, 765-766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 879-880 [1995]; People v Gensler, 72 NY2d 239, 247 [1988], cert denied 488 US 932 [1988]; People v Garrasi, 302 AD2d 981, 982-983 [2003], lv denied 100 NY2d 538 [2003]). The court “had the opportunity to interact with and observe defendant . . . [, and thus] the court had adequate opportunity to properly assess defendant’s competency” (People v Bolarinwa, 258 AD2d 827, 831 [1999], lv denied 93 NY2d 1014 [1999]; see Garrasi, 302 AD2d at 982-983). “Moreover, it is noted that defense counsel did not request a hearing and, as it has been observed, [defense] counsel was in the best position to assess defendant’s capacity and request an examination pursuant to CPL 730.30 (2)” (People v Ferrer, 16 AD3d 913, 914 [2005], lv denied 5 NY3d 788 [2005]; see People v Gelikkaya, 84 NY2d 456, 460 [1994]). In view of our determination with respect to defendant’s competency, we further reject the contention of defendant that his waiver of the right to appeal was invalid based upon his alleged incompetency (see People v Nudd, 53 AD3d 1115 [2008]). In addition, to the extent that his contention that he was denied effective assistance of counsel based on defense counsel’s failure to request a second competency hearing survives the plea and waiver of the right to appeal (see People v Santos, 37 AD3d 1141 [2007], lv denied 8 NY3d 950 [2007]), we likewise reject that contention (see generally People v Ford, 86 NY2d 397, 404 [1995]). The record is devoid of any indication that defense counsel should have requested a second competency examination (see CPL 730.30 [1]; Morgan, 87 NY2d at 880; People v Douglas, 26 AD3d 522, 524 [2006], lv denied 7 NY3d 847 [2006]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, *1166 255-256 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; Nudd, 53 AD3d 1115 [2008]).
Finally, inasmuch as defendant failed to obtain leave to appeal from the order denying his CPL 440.10 motion, his contentions with respect to the denial of that motion are not properly before us (see CPL 450.15 [1]; 460.15; People v Acosta, 19 AD3d 1041 [2005], lv denied 5 NY3d 803 [2005]; People v Brown, 277 AD2d 987 [2000], lv denied 96 NY2d 781 [2001]). Present— Scudder, PJ., Hurlbutt, Lunn, Green and Gorski, JJ.