THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT S. HERMAN, Appellant. [910 NYS2d 833]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 6, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in granting his application to proceed pro se. We reject that contention. It is well settled that a defendant in a criminal case has the right to represent himself (*see* NY Const, art I, § 6; CPL 210.15 [5]). A defendant may invoke that right "provided: (1) the request is unequivocal and timely asserted[;] (2) there has been a knowing and intelligent waiver of the right to counsel[;] and (3) the defendant has not engaged in conduct [that] would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]; *see People v Tabor*, 48 AD3d 1096 [2008]). Here, defendant's request to proceed pro se was timely inasmuch as it was made "prior to the prosecution's opening statement" (*McIntyre*, 36 NY2d at 18), and the request

was clearly unequivocal. Also, prior to granting the request, the court engaged in the requisite "searching inquiry" to ensure that defendant's waiver of the right to counsel was knowing, voluntary and intelligent (*People v LaValle*, 3 NY3d 88, 106 [2004]), and defendant did not engage in any conduct that disrupted the trial.

We reject the contention of defendant that his deficient representation of himself demonstrated that his waiver of the right to counsel was not knowing, voluntary and intelligent. Although the performance of defendant at trial was far from flawless, "respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice with eyes open" (*People v Duffy*, 299 AD2d 914 [2002], *lv denied* 99 NY2d 628 [2003] [internal quotation marks omitted]), and that is the case here. Based on our review of the record before us, we reject the further contention of defendant that the proceedings resulted in a "travesty of justice" such that he was denied his right to due process (*McIntyre*, 36 NY2d at 18). Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.