■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. CHICHERCHIA, Appellant. [926 NYS2d 795]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96), defendant contends that County Court erred in failing to grant his request to proceed

pro se. We reject that contention. A defendant has the right to self-representation (see NY Const, art I, § 6; CPL 210.15 [5]), and he or she may invoke that right "provided [that]: (1) the request is unequivocal and timely asserted[;] (2) there has been a knowing and intelligent waiver of the right to counsel[;] and (3) the defendant has not engaged in conduct [that] would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]; *see People v Tabor*, 48 AD3d 1096 [2008]). Although defendant's request to proceed pro se was timely, inasmuch as it was made "prior to the prosecution's opening statement" (*McIntyre*, 36 NY2d at 18), the request was not unequivocal because it was made after defendant's request for new counsel was denied (*see People v Caswell*, 56 AD3d 1300, 1301-1302 [2008], *lv denied* 11 NY3d 923 [2009], *reconsideration denied* 12 NY3d 781 [2009], *cert denied* 556 US —, 129 S Ct 2775 [2009]; *People v McClam*, 297 AD2d 514 [2002], *lv denied* 99 NY2d 537 [2002]).

We reject defendant's further contention that the court erred in failing sua sponte to order a competency hearing (*see People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878, 879-880 [1995]; *People v Garrasi*, 302 AD2d 981, 982-983 [2003], *lv denied* 100 NY2d 538 [2003]). The court "had the opportunity to interact with and observe defendant . . . , [and thus] the court had adequate opportunity to properly assess defendant's competency" (*People v Bolarinwa*, 258 AD2d 827, 831 [1999], *lv denied* 93 NY2d 1014 [1999]; *see Garrasi*, 302 AD2d at 982-983). "Moreover, [we] note[ ] that defense counsel did not request a hearing and, as it has been observed, [defense] counsel was in the best position to assess defendant's capacity and request an examination" pursuant to CPL 730.30 (*People v Ferrer*, 16 AD3d 913, 914 [2005], *lv denied* 5 NY3d 788 [2005]; *see People v Gelikkaya*, 84 NY2d 456, 460 [1994]). Present—Smith, J.P., Centra, Carni, Sconiers and Gorski, JJ.