SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

829
KA 09-00514

PRESENT: SMITH, J.P., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL T. CHICHERCHIA, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (MARK C. CURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 8, 2008. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, criminal sexual act in the first degree and sexual abuse in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96), defendant contends that County Court erred in failing to grant his request to proceed pro se. We reject that contention. A defendant has the right to self-representation (*see* NY Const, art I, § 6; CPL 210.15 [5]), and he or she may invoke that right "provided [that]: (1) the request is unequivocal and timely asserted[;] (2) there has been a knowing and intelligent waiver of the right to counsel[;] and (3) the defendant has not engaged in conduct [that] would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17; *see People v Tabor*, 48 AD3d 1096). Although defendant's request to proceed pro se was timely, inasmuch as it was made "prior to the prosecution's opening statement" (*McIntyre*, 36 NY2d at 18), the request was not unequivocal because it was made after defendant's request for new counsel was denied (*see People v Caswell*, 56 AD3d 1300, 1301-1302, *lv denied* 11 NY3d 923, 12 NY3d 781, *cert denied* ___ US ___, 129 S Ct 2775; *People v McClam*, 297 AD2d 514, *lv denied* 99 NY2d 537).

We reject defendant's further contention that the court erred in failing sua sponte to order a competency hearing (*see People v Tortorici*, 92 NY2d 757, 765-766, *cert denied* 528 US 834; *People v Morgan*, 87 NY2d 878, 879-880; *People v Garrasi*, 302 AD2d 981, 982-983,

*lv denied* 100 NY2d 538). The court "had the opportunity to interact with and observe defendant . . ., [and thus] the court had adequate opportunity to properly assess defendant's competency" (*People v Bolarinwa*, 258 AD2d 827, 831, *lv denied* 93 NY2d 1014; *see Garrasi*, 302 AD2d at 982-983). "Moreover, [we] note[] that defense counsel did not request a hearing and, as it has been observed, [defense] counsel was in the best position to assess defendant's capacity and request an examination" pursuant to CPL 730.30 (*People v Ferrer*, 16 AD3d 913, 914, *lv denied* 5 NY3d 788; *see People v Gelikkaya*, 84 NY2d 456, 460).

Entered: July 8, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court