# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

508
KA 10-01052
PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN CIPOLLINA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 14, 2010. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the second degree, assault in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree, reckless driving, speeding, failure to obey red light, failure to obey no passing zone and driving without a safety belt.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, reckless endangerment in the second degree (Penal Law § 120.20), assault in the second degree (§ 120.05 [3]), and unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25). We reject the initial contention of defendant that Supreme Court erred in failing sua sponte to order a competency hearing (*see People v Tortorici*, 92 NY2d 757, 765-766, *cert denied* 528 US 834; *People v Morgan*, 87 NY2d 878, 879-880; *see also* CPL 730.30 [2]). Shortly after defendant's arrest, the court ordered that defendant undergo a competency examination pursuant to CPL 730.30. Two psychiatrists then independently examined defendant, and each determined that he was not an incapacitated person. Due to concerns raised by defense counsel, the court ordered that defendant undergo another set of competency examinations shortly before trial. The same two psychiatrists again independently determined that defendant was not an incapacitated person. "[I]t is perfectly well settled that a trial court is entitled to give weight to the findings of competency derived from the ordered examinations" (*People v Ferrer*, 16 AD3d 913, 914, *lv denied* 5 NY3d 788, citing *Morgan*, 87 NY2d at 880; *see* CPL 730.30 [1]). " 'Moreover, [we] note[ ] that defense counsel did not request a hearing and, as it has

been observed, [defense] counsel was in the best position to assess defendant's capacity' " (*People v Chicherchia*, 86 AD3d 953, 954, *lv denied* 17 NY3d 952, quoting *Ferrer*, 16 AD3d at 914; *see People v Taylor*, 13 AD3d 1168, 1170, *lv denied* 4 NY3d 836).  The court also " 'had the opportunity to interact with and observe defendant . . ., [and thus] the court had adequate opportunity to properly assess defendant's competency' " (*Chicherchia*, 86 AD3d at 954).

Defendant contends that, with respect to his conviction of assault in the second degree (Penal Law § 120.05 [3]), the evidence is legally insufficient to establish that he caused the injuries to the police officer who was struck by another patrol car arriving on the scene after defendant abandoned his vehicle following a high-speed chase and the police officer had pursued defendant on foot.  We reject that contention (*see People v Carncross*, 14 NY3d 319, 325-326; *see generally People v Bleakley*, 69 NY2d 490, 495).  It is well settled that, "[w]here a defendant's flight naturally induces a police officer to engage in pursuit, and the officer is killed [or injured] in the course of that pursuit, the causation element of the crime will be satisfied" (*Carncross*, 14 NY3d at 325).  "Liability will attach even if the defendant's conduct is not the sole cause of [the injuries] . . . if the actions were a sufficiently direct cause of the ensuing [injuries] . . . [A]n act qualifies as a sufficiently direct cause when the ultimate harm should have been reasonably foreseen" (*People v DaCosta*, 6 NY3d 181, 184 [internal quotation marks omitted]).  Contrary to defendant's further contention, we conclude that, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), the evidence at trial is legally sufficient to support the conviction of reckless endangerment in the second degree (*see* § 120.20; *see generally Bleakley*, 69 NY2d at 495).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant consented to the annotations on the verdict sheet and thus waived his present contention that the verdict sheet was improperly annotated (*see* CPL 310.20 [2]; *People v Brown*, 90 NY2d 872, 874; *People v Hicks*, 12 AD3d 1044, 1045, *lv denied* 4 NY3d 799).  Additionally, defendant failed to preserve for our review his contention that the count of the indictment charging him with unlawful fleeing a police officer in a motor vehicle was duplicitous (*see People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Caban*, 5 NY3d 143, 152; *People v Baldi*, 54 NY2d 137, 147).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 27, 2012                      Frances E. Cafarell
                                              Clerk of the Court