# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1449**

**KA 11-02529**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CYNTHIA MOORE, ALSO KNOWN AS CYNTHIA Y. MOORE,
ALSO KNOWN AS CYNTHIA A. MOORE,
DEFENDANT-APPELLANT.

---

KELIANN M. ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 10, 2010. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Genesee County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]). After defendant pleaded guilty but before she was sentenced, she suffered a traumatic brain injury that allegedly impacted her cognitive abilities. Upon defense counsel's request, County Court issued an order of examination pursuant to CPL article 730 to determine defendant's competency. The two examination reports that were prepared were inconclusive on the issue of defendant's competency, however, and the court ordered that a third examination be conducted. The third examination was never completed. Instead, upon defense counsel's request, the matter proceeded to sentencing, where defense counsel acknowledged that defendant was being sentenced without conclusive proof of her competence.

We agree with defendant that the court abused its discretion in failing sua sponte to order a competency hearing to determine whether defendant was fit to proceed at the time of sentencing (*see People v Garrasi*, 302 AD2d 981, 983, *lv denied* 100 NY2d 538; *see also People v Armlin*, 37 NY2d 167, 171-172; *People v Bangert*, 22 NY2d 799, 800; *see generally People v Tortorici*, 92 NY2d 757, 765-766, *cert denied* 528 US 834). Although a defendant is presumed to be competent (*see Tortorici*, 92 NY2d at 765) and "[t]he determination of whether to

order a competency hearing lies within the sound discretion of the . . . court" (*id.* at 766; *see People v Hawkins*, 70 AD3d 1389, 1390, *lv denied* 14 NY3d 888), "[a] court may not . . . sentence a defendant who is incompetent" (*People v Rojas*, 43 AD3d 413, 414).  Moreover, "[t]he court has 'the authority, and the continuing obligation, to address . . . evidence [of incompetence] at any time it believe[s] circumstances warrant[ ] a hearing' " (*Garrasi*, 302 AD2d at 983, quoting *People v Williams*, 85 NY2d 945, 948).  Here, in light of the inconclusive nature of the competency examination reports, defense counsel's acknowledgment that competency had not been determined (*cf. Tortorici*, 92 NY2d at 767), and the absence of any indication in the record that the court had the opportunity to interact with and observe defendant prior to sentencing in order to assess her capacity (*cf. People v Cipollina*, 94 AD3d 1549, 1550, *lv denied* 19 NY3d 971; *People v Chicherchia*, 86 AD3d 953, 954, *lv denied* 17 NY3d 952), we conclude that the court erred in sentencing defendant without first ordering a competency hearing.

We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to resentence defendant.  "If the court is 'of the opinion that the defendant may be an incapacitated person' at that time (CPL 730.30 [1]), it shall order a competency hearing before imposing sentence" (*Garrasi*, 302 AD2d at 983).  In view of our determination, we do not address defendant's remaining contention concerning defense counsel's alleged ineffectiveness in failing to object at sentencing in the absence of an unequivocal competency determination.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court