We agree with defendant that the court abused its discretion in failing sua sponte to order a competency hearing to determine whether defendant was fit to proceed at the time of sentencing *1781 (see People v Garrasi, 302 AD2d 981, 983 [2003], lv denied 100 NY2d 538 [2003]; see also People v Armlin, 37 NY2d 167, 171-172 [1975]; People v Bangert, 22 NY2d 799, 800 [1968]; see generally People v Tortorici, 92 NY2d 757, 765-766 [1999], cert denied 528 US 834 [1999]). Although a defendant is presumed to be competent (see Tortorici, 92 NY2d at 765) and “[t]he determination of whether to order a competency hearing lies within the sound discretion of the . . . court” (id. at 766; see People v Hawkins, 70 AD3d 1389, 1390 [2010], lv denied 14 NY3d 888 [2010]), “[a] court may not. . . sentence a defendant who is incompetent” (People v Rojas, 43 AD3d 413, 414 [2007]). Moreover, “[t]he court has ‘the authority, and the continuing obligation, to address . . . evidence [of incompetence] at anytime it believe[s] circumstances warrant[ ] a hearing’ ” (Garrasi, 302 AD2d at 983, quoting People v Williams, 85 NY2d 945, 948 [1995]). Here, in light of the inconclusive nature of the competency examination reports, defense counsel’s acknowledgment that competency had not been determined (cf. Tortorici, 92 NY2d at 767), and the absence of any indication in the record that the court had the opportunity to interact with and observe defendant prior to sentencing in order to assess her capacity (cf. People v Cipollina, 94 AD3d 1549, 1550 [2012], lv denied 19 NY3d 971 [2012]; People v Chicherchia, 86 AD3d 953, 954 [2011], lv denied 17 NY3d 952 [2011]), we conclude that the court erred in sentencing defendant without first ordering a competency hearing.
We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to resentence defendant. “If the court is ‘of the opinion that the defendant may be an incapacitated person’ at that time (CPL 730.30 [1]), it shall order a competency hearing before imposing sentence” (Garrasi, 302 AD2d at 983). In view of our determination, we do not address defendant’s remaining contention concerning defense counsel’s alleged ineffectiveness in failing to object at sentencing in the absence of an unequivocal competency determination. Present — Scudder, P.J., Smith, Fahey, Carni and Martoche, JJ.